R. D. BAKER AND THOMAS BAKER, PLAINTIFFS IN ERROR, VS. A. L. CHATFIELD AND BYRON CHATFIELD, DEFENDANTS IN ERROR.

1. An abandonment of an attempt to take an appeal in a common law action, or an omission to perfect an appeal by giving the required bond, does not preclude the use of the bill of exceptions on a writ of error subsequently sued out by the same party.

2. Where there are papers in the transcript which cannot be considered by the Appellate Court unless they are a part of the bill

of exceptions, they will be disregarded by such court in forming its judgment upon the merits if they be found not to be a part of such bill.

Writ of Error to the Circuit Court for Putnam County.

This was a motion " to strike from the record of said case the bill of exceptions and all the evidence and other matters contained therein, and all in the record, because, the appeal having been abandoned and writ of error adopted in lieu thereof, the said bill of exceptions and all matters of evidence and other things contained therein are improperly made part of said record."

*Calhoun, Davis & Gillis* for the Motion.

*B. F. Roberts, contra.*

MR. JUSTICE RANEY delivered the opinion of the court:

The abandonment of an attempt to perfect an appeal in a common law action under our statutes, or in other words the failure or omission after having entered an appeal to give the required bond within the thirty days allowed by the statute, is not a bar to the suing out a writ of error to the same judgment after the expiration of the thirty days, and within two years from the date of the judgment. An appeal in the common law action is spoken of as a statutory substitute for a writ of error in the decisions of this court. Hall vs. Penny, 13 Fla., 593. Its adoption as a means of reviewing the judgment of a lower court did not do away with the writ of error as an equivalent remedy ; the statute (act of February 10th, 1832,) upon which the remedy of such an appeal now rests, retains and regulates writs of error. The rulings or points which a bill of exceptions is necessary to preserve in order that they may be brought before an Appellate Court, could not be reviewed

on a writ of error without a bill of exceptions reserving them, but when properly embodied in a bill of exceptions a writ of error was the remedy for getting them before the reviewing court, and this function of a writ of error has not been impaired by the institution of an appeal in common law actions. The motion to strike the bill of excpetions from the record must be denied, although it be true that when it was settled or filed the purpose of the dissatisfied party settling it was to perfect an appeal, and he had time to do.so.

If there are in the transcript any papers which cannot be considered by us, according to the practice in common law cases, unless they are properly a part of the bill of exceptions, we shall disregard them in making up our judgment on the merits of of the case.

The motion is denied.