A. J. DaCosta as Executor of the Last Will and Testament of Mary E. Situford, Deceased, Appellant, vs. William Dibble and Jonathan B. Bunce, as Executors of C. B. Dibble, Deceased, and Jonathan B. Bunce, Appellees.

1. After an appeal has been duly entered and the cause thereby transferred to this court, the clerk of the Circuit Court is not invested with authority to dismiss said appeal, and if such a dismissal is made by said clerk it must be regarded as a nullity. The dismissal of such an appeal must be in the appellate court, and it may be done on the voluntary application of an appellant, or for cause on motion of an appellee.

2. A subsequent apeal entered by the same party from the same decree, while his prior appeal is still pending and effective. is irregular and will be dismissed.

3. While a party may abandon proceedings under an appeal duly entered by a failure to file the required transcript of the record, and thereby forfeit his right to have the case reviewed on its merits and subject it to dismissal in the appellate court, he should not be permitted to attempt to have said appeal dismissed by the clerk of the Circuit Court and enter another appeal from the same decree to the appellate court.

4. Where an appellant neglects to file transcript of the record, and shows no good cause for his failure so to do, his appeal will be dismissed.

CARTER, P. J., and MAXWELL, J., dissenting.

This case was tried by the Court In Banc.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

C. C. Thomas, for Appellant;

S. Y. Finley, for Appellees.

PER CURIAM.

After the filing of the mandate of this court in the Circuit Court upon the reversal of the decree (DaCosta, Executor, v. Dibble et al., 40 Fla. 418, 24 South. Rep. 911,) an order was entered overruling the plea and leave granted to defendants to file an answer. Thereupon an answer

was filed, to which there was a general replication, follow-
ed by testimony taken before a master, and upon a final
hearing a decree was entered July 25th, 1901, dismissing
the bill at complainant's cost.   The transcript filed here
shows that complainant on the twenty-first day of Jan-
uary, 1902, entered an appeal from the decree dismissing
the bill to the first day of the present term of this court,
and a transcript, made up under directions filed subse-
quent to the entry of the appeal, was filed here June 30th,
1902.

In October last counsel for appellees made a motion in
this court to dismiss an appeal entered in this cause by
complainant on the eighteenth day of October, 1901, to
the first day of the following January term, because no
transcript of the record thereunder had been filed in this
court, and also to dismiss the appeal entered on the
twenty-first day of January, 1902, because when taken.
there was a prior appeal pending in this court and not
properly dismissed.   From certified copies of record en-
tries filed on the hearing of the motion it appears that
complainant on the eighteenth day of October, 1901,
duly entered an appeal from the decree in the cause to the
first day of the January term of this year, and the entry
was duly recorded in the chancery order book.   It also
appears that on the twentieth day of January of this year,
and six days after the beginning of the term to which
said last mentioned appeal was returnable, counsel for
complainant filed a praecipe with the clerk of the Circuit
Court in which the decree was entered for a dismissal of
said appeal, and the clerk entered what purports to be
an order dismissing the appeal.   The entry of the appeal
on October 18th was to the following January term of
this court, and being duly entered and recorded was

effective to transfer to this court the cause for a rehearing on the decree dismissing the bill. Southern Life Insurance and Trust Company v.. Cole, 4 Fla. 359; State *ex rel.* Shrader v. Phillips, 32 Fla. 403, 13 South. Rep. 920; Neubert v. Massman, 37 Fla. 91, 19 South. Rep. 625. The action of the clerk, so far as a dismissal of the appeal is concerned, must be regarded as a nullity, as he is not invested with authority to dismiss an appeal to this court duly entered and recorded. The dismissal of such an appeal must be in the appellate court, and it may be done on the voluntary application of an appellant, or for cause on motion of an appellee. The practice and rules for the government of this court contemplate that appeals to it must be dismissed here. When the court is in session plaintiffs in error or appellants may at any time have a voluntary dismissal of causes proper to be dismissed, and by rule 24 for the government of this court they may voluntarily dismiss a writ of error or appeal during vacation by filing with the clerk of this court a praecipe signed by the attorney of record in this court, upon payment of the costs of the writ of error or appeal. If the plaintiff in error or appellant fails to file in the Supreme Court at the time required by law a duly certified transcript of the record required, and serve a copy on the opposite party, the cause may be dismissed under rule 12 for the government of this court, and likewise the cause may be dismissed in this court for a failure to file abstracts of the record, or in lieu thereof, copies of the transcript, as provided in rule 20 as amended in January, 1899.

We held in American Contract & Finance Co. v. Perrine, 40 Fla. 412, 24 South. Rep. 484, that a subsequent appeal entered by the same party from the same decree while his

prior appeal is still pending and effective, is irregular
and will be dismissed.  In referring to cases holding that
under such circumstances the second appeal is a nullity,
it was said: "without committing ourselves to the propo-
sition that the second appeal is a nullity, as held by these
authorities, we are entirely satisfied that it is irregular
for a party to enter a second appeal from the same decree
while his first is still pending and effective, and that be-
cause of such irregularity the second appeal ought to be
dismissed."  The facts under which this ruling was made
were that on the thirtieth day of March, 1898, an appeal
was duly entered of record  from decrees made  prior
thereto to the first day of the following January term of
this court, and on the ninth of May of that year assign-
ments of error and directions for making up the tran-
script were filed and copies served on the opposite parties
who gave no additional directions.  No transcript was
shown to have been made up under the directions.  On the
thirtieth of May appellants, without  dismissing  their
previous appeal, entered and had recorded another appeal
returnable to a day within the June term of this court,
and under this appeal assignments of error and directions
were filed, and a transcript made up, which was filed in
this court on the first day of the June term.  Under the
last directions filed by appellant both entries of appeal
were incorporated in the transcript.  This case clearly
holds, and we think correctly, that a subsequent appeal
entered by the same party from the same decree while
there is a prior pending and effective one is irregular.

It was held in Garrison v. Parsons, 41  Fla. 143, 25
South. Rep. 336, that an appeal taken within a period
less than thirty days from the first day of a succeeding
term of this court returnable to the first day thereof con-

ferred no jurisdiction upon this court, and a subsequent appeal duly taken by the same party from the same decree was permissible. A void appeal does not transfer the cause to this court. Under the former practice of this court provided by statute for taking appeals at law it was held in Baker v. Chatfield, 23 Fla. 62, 1 South. Rep. 779, that an abandonment of an attempt to take an appeal, or an omission to perfect an appeal by giving the required appeal bond, did not preclude the subsequent suing out of a writ of error, and the use of a bill of exceptions previously made up in the case. However, under the statute permitting the appeal, a bond was essential to its effectiveness, and where there is a void or ineffectual appeal a second one, as shown, may be entered.

In Glasser v. Hackett, 37 Fla. 358, 20 South. Rep. 532, the rule in reference to two suits pending in trial courts was applied to writs of error, and it was held that a motion to dismiss a writ of error because of the pendency of a prior writ of error is in the nature of a plea in abatement and should not be granted where the first one is wholly ineffectual to accomplish its purpose, or where it has been dismissed. In that case a writ of error, effectual in every respect, was pending when the second one was sued out to a subsequent term of this court, but the former one had been dismissed by formal order here when the motion to dismiss the latter was made. In the case before us the appeal entered in October, 1901, was effective to transfer the cause to this court and there has never been any dismissal of it, so the principle announced in Glasser v. Hackett, *supra*, restricted to the facts of the case, does not apply. A party may abandon proceedings under an appeal duly entered by a failure to file the required transcript of the record, and thereby forfeit his

DaCosta, Exec. v. Dibble & Bounce Exec.—Dissenting Opinion.

right to have the case reviewed on its merits, and subject it to dismissal in the appellate court, but should he be permitted, with one appeal duly entered and undisposed of, to pile up another on the same record on the ground that he had abandoned the first? If so, the appellate court must, in the multiplied cases that may be presented under two effectual appeals, determine what acts will amount to an abandonment in the different cases. Under our practice there is no necessity to clog up and confuse the appellate proceedings in this court by double appeals, and we are, therefore, of opinion that when an appeal duly entered of record and effectual in every respect to transfer the cause to this court for review has been taken, it is irregular for the appellant during the term to which it is returnable to enter another without dismissing the first, and in the absence of such dismissal before the hearing of a motion to dismiss, the motion should be granted. Under this view the motion to dismiss should be granted, and it is so ordered.

TAYLOR, C. J., being disqualified, took no part in the decision of this case.

CARTER, J., dissenting.

On October 18, 1901, appellants entered their appeal to the January term, 1902, of this court, from a decree of the Circuit Court dated July 25, 1901. No transcript was filed in pursuance of this appeal, and after the return day thereof had passed, viz: on January 20, 1902, appellant's counsel filed in the court below a praecipe for the dismissal of that appeal, and the clerk entered in the Chancery Order Book an order purporting to dismiss it in accordance with the praecipe. No effort was made to

prosecute that appeal further than the filing and record of the entry of appeal, nor does it appear that any supersedeas was obtained thereon.

After the supposed dismissal of that appeal, appellant on January 21, 1902, entered another appeal, returnable to the first day of the June term, 1902, of this court, ha i same duly recorded, and filed in this court in June, 1902, a transcript duly made up in pursuance of directions given after the entry of the second appeal, in which all reference to the former appeal is omitted. Appellees producing the certificate required by section 1275 Revised Statutes (which by section 1462 Revised Statutes is made applicable to appeals in chancery), ask that the first appeal be dismissed in accordance with the requirements of that statute, because of the failure to file transcript of the record as required thereby. No "good cause" is shown for the failure to file the transcript in pursuance of that appeal; on the contrary, it affirmatively appears that the appellant has abandoned that appeal by attempting to dismiss it, and I think, therefore, that the first appeal ought to be dismissed.

The appellees further move the court to dismiss the sec- : appeal because when it was taken the prior appeal was pending in this court, and had not been dismissed. I shall not commit myself to the proposition that the praecipe to and order of the clerk in the court below are nullities in so far as they purport to dismiss the appeal, but for the purposes of this case shall assume that the appeal was not dismissed thereby. But it does not follow, because they could not operate as a dismissal, that they shall not be given any effect whatever. On the contrary, they constitute the very highest evidence that the appellant intended to abandon that appeal, and are relied upon

here as showing his right to enter the second appeal. No effort was ever made to perfect the first appeal after this action was taken in the court below, and in the face of this action appellant would have been precluded from doing so upon the ground that he had abandoned his appeal. Ellsworth v. Haile, 29 Fla. 256, 10 South. Rep. 612. In Baker v. Chatfield, 23 Fla. 62, text 63, 1 South. Rep. 779, it is said: "The abandonment of an attempt to perfect an appeal in a common law action under our statutes, or, in other words, the failure or omission after having entered an appeal to give the required bond within the thirty days allowed by the statute is not a bar to the suing out a writ of error to the same judgment after the expiration of the thirty days and within two years from the date of the judgment." While in the majority opinion that decision is put upon the principle announced in Garrison v. Parsons, 41 Fla. 143, 25 South. Rep. 336, viz: that the appeal by reason of the failure to give the bond was void, it is clear that the court had in mind the application of a different principle, viz: that the appeal was, for the reason stated, *abandoned*, and that the *abandoned* appeal would not bar a subsequent writ of error from the same judgment. And this rule is sustained by the authorities. 2 Ency. Law and Procedure, 529, 530 and notes.

There is nothing in American Contract & Finance Co. v. Perrine, 40 Fla. 412, 24 South. Rep. 484, which can be construed as holding that a party can not abandon his appeal and take another without actually dismissing the first. There was no abandonment in that case. Both appeals were entered to the same term, assignments of error and directions to the clerk were filed upon each appeal. both appeals and the directions and assignments of error upon each were put into the transcript by appellants'

directions, and the transcript was filed here upon the
return day of the first appeal. These facts show that ap-
pellants intended to rely upon both appeals. It is stated
therein that it is irregular for a party to enter a second
appeal from the same decree while his first is still pending
and effective, but, as I have shown, the first was not ef-
fective in this case because it had been abandoned. The
rule announced in that case is fully met in this, and as
the first appeal was not effective, the second must be sus-
tained under the authority of that decision. The majority
of the court purport to follow that case, and to limit the
former case of Glasser v. Hackett, 37 Fla. 358, 20 South.
Rep. 532, while the effect of the decision is to overrule and
deny the authority of both cases in so far as they declare
or imply that a former ineffective appeal will not bar a
second, and to lay down the rule that any former pending
appeal will bar a second, unless such former appeal be
void. In my opinion such a doctrine is contrary to au-
thority elsewhere, and is upheld only by denying the au-
thority of previous decisions of this court. The argument
urged in support of the ruling here made admits that a
party may abandon appellate proceedings and thereby
forfeit his right to a review of his case on the merits and
subject it to dismissal by the appellate court, but main-
tains that after an appeal has by abandonment become
valueless and ineffectual to give relief or to do the other
party harm, it may still be used to deny the party the
right to a hearing upon another appeal taken from the
same judgment, because it is assumed the abandoned ap-
peal will, together with the second appeal, "clog up and
confuse the appellate proceedings," and because "the ap-
pellate court must in the multiplied cases that may be pre-
sented under two effectual appeals determine what acts

will amount to an abandonment in the different cases." I am unable to see that an abandoned appeal can be used either to "clog up" or "confuse" appellate proceedings, under any circumstances, or that an abandoned appeal can be considered an "effective" one, and if it be true that a court may reject a correct principle and refuse to adopt or apply it, because it may become necessary in future cases to determine whether a given state of facts brings a particular case within it, I have found no authority so holding.  Carried to its logical conclusion, such a doctrine would authorize the court to reject any rule or principle simply because cases may be imagined wherein it would be difficult to determine if it applied.  In my humble judgment courts are not justified in refusing to adopt or apply a correct principle or rule of law, because cases may in future arise wherein it will be difficult to say whether the facts bring them within the rule or principle. Courts, and particularly courts of last resort, do not lie "on flowery beds of ease," nor sail over smooth waters always, nor are they authorized to disregard legal principles in ordere to mark out easy paths for them to follow. They can not refuse to determine a difficult problem when properly presented, nor refuse to apply the law, nor deny its authority, nor overrule  decisions  upon any  such specious arguments as these advanced here.  We must not forget that the dismissal of this appeal denies appellant a hearing in the court of last resort, and that in denying him a hearing we are denying a right which is given him by law, and which is not qualified by any provision that he must bring his case in such a manner as not to "clog up and confuse" appellate proceedings, but only that it shall be brought according to the rules of the law. In reply to the argument that appeals of this nature

would "clog up and confuse" appellate practice, I quote the remarks of the court in Harris v. Ferris, 18 Fla. 81: "It was remarked that if second appeals were allowed it would open the door to abuses by successive appeals, and would lead to delay and annoyance, but as cases arise the court will determine as to the good faith of appellants and endeavor to protect itself and opposing parties against imposition." The rule which forbids the maintenance of two effective appeals at the same time is based upon reason and authority. As said in American Contract & Finance Co. v. Perrine, *supra,* "there can be no necessity for a second appeal in such cases, as the first can be made to accomplish every purpose for which the second may be made available. Successive appeals of this nature would burden the court's docket and cause expense and trouble to parties litigant for no useful purpose." And in Glasser v. Hackett, *supra,* it is said: The reason upon which the rule proceeds is that the first suit is effective and available, and affords ample remedy to the plaintiff, and therefore the second suit is unnecessary and consequently vexatious. There seems to be no propriety in extending the rule to cases where the reason does not exist. Therefore, where it is shown that the former suit is ineffectual to accomplish its purpose, or that it has been dismissed and is not pending, the second suit appears upon the face of the proceeding as necessary and not vexatious and should not be abated."

The view announced by the majority in this case was presented to and considered by the court in that case and rejected as untenable, and to my mind it is utterly so. The true reason for the correct rule is stated in the Glasser case; and where, as in this case, the first appeal was expressly abandoned before the second was taken—has

DaCosta Exec v. Dibble & Bounce Exec.—Petition, Rehearing.

never been attempted to be perfected since that time, the term to which it was returnable has expired long before this motion was made—the opposite party has been put to no trouble or expense in relation thereto, the second is not vexatious, and should be maintained. To my mind the dismissal of the second appeal in this case is based upon the most extreme technicality, and I think it is unsupported by either reason or authority.

The motion to dismiss the second appeal should be denied.

I am authorized to say that MAXWELL, J., concurs in this opinion.

## On Petition for Rehearing.

(Judge MALONE, of the Second Judicial Circuit, sitting in place of Mr. Justice HOCKER, disqualified.)

COCKRELL, J.

1. A petition for a rehearing which suggests nothing that has not been fully considered by the court in making its decision, should be denied.

2. Where the sole ground of a petition for a rehearing is that the court overlooked and failed to consider certain facts, and these facts were fully considered and actually constituted the points of difference on which the court divided, as disclosed in the opinions, the petition will be denied.

Petition for rehearing denied.

CARTER, P. J., dissenting. TAYLOR, C. J., disqualified, took no part in the decision.

DaCosta Exec v. Dibble & Bounce Exec.—Petition, Rehearing.

*C. C. Thomas*, for Petitioner.

(On Petition for Rehearing.)

Judge MALONE, of the Second Judicial Circuit, sitting in place of Mr. Justice HOCKER, who is disqualified

COCKRELL, J.

Error in the judgment of this court is alleged in the petition on the sole ground that we overlooked and failed to consider certain facts which were before us to be considered. The omission complained of is "that at the time of the filing of the second appeal, to-wit: on January 21st, 1902, the former appeal or entry of appeal, filed October 18th, 1901, to the January term, 1902, of this court had been abandoned and become inoperative, and that even though such former appeal could not be dismissed by the filing of a praecipe for that purpose with the clerk of the Circuit Court and entry of order of dismissal on the Chancery Order Book, still the fact of such praecipe having been filed and such order having been entered in conformity therewith, would show a complete record of abandonment of said former appeal, such as would, your petitioner suggests, permit him to enter another appeal."

The opinions filed in this cause by the court and by the dissenting justices show clearly that this proposition was not only not overlooked, but was the chief point of difference on which the court divided, and was thoroughly considered.

This disposes of the only suggestion in the petition and as that is disproved by the record, the petition will be denied.

DaCosta Exec v. Dibble & Bounce Exec.—Petition, Rehearing.

"The petition for a rehearing filed in this cause has been considered. It suggests nothing that had not been carefully considered by us in reaching the conclusions set forth in the main opinion." Sauls v. Freeman, 24 Fla 225, 4 South. Rep. 577.

Mr. Chief-Justice TAYLOR, being disqualified, took no part in the decision of this case.

CARTER, J., dissenting.

"The petition for a rehearing filed in this cause has omitting formal parts is as follows: "Humbly complaining your petitioner, the appellant in the above stated case, would respectfully show that on October 31st, A. D. 1902, the appellee filed in this court a motion to dismiss the appeal taken and perfected in the above entitled cause, and that on December 17th, A. D. 1902, this court filed its opinion and rendered its judgment granting said motion and dismissing said appeal.

"That the ground of said judgment sustaining said motion, as shown by the opinion filed, was that at the time of the taking of said appeal on January 21st, 1902, there was a prior appeal pending in this court and not properly dismissed.

"Your petitioner would further show unto your Honors that he is advised that there is error in the judgment rendered by this court, and that the court overlooked and failed to consider certain facts which were shown by the transcript of the record which was before the court to be considered. And your petitioner would suggest that it appears form the record that at the time of the filing of the second appeal, to-wit: on January 21st, 1902, the former appeal or entry of appeal, filed October 18th, 1901,

to the January term, 1902, of this court, had been aban-
doned and become inoperative, and that even though such
former appeal could not be dismissed by the filing of a
praecipe for that purpose with the clerk of the Circuit
Court an entry of order of dismissal on the chancery
order book, and the fact of such praecipe having been
filed and such order having been entered in conformity
therewith, would show a complete record of abandonment
of said former appeal, such as would, your petitioner sug-
gests, permit him to enter another appeal.

"And your petitioner would further suggest that the
record shows that said second entry of appeal was en-
tered and taken on the 21st day of January, 1902, after
the return day of the term to which said former appeal
was taken, therefore said former appeal had become *per
se* inoperative as the return day to which it was taken
had passed; consequently petitioner suggests that said
former appeal had not only been completely abandoned,
but had by expiration of time become ineffective.

".And for these reasons petitioner suggests that the
said motion for dismissal should have been denied as to
a dismissal of the second appeal, as he is by said judgment
of this court deprived and denied the right which is given
him by law to have his cause heard in the court of last re-
sort.

"Wherefore petitioner humbly suggests that for the
reasons stated a rehearing ought to be granted, and prays
that the court will grant such rehearing, and upon such
rehearing that said court will deny the said motion to
dismiss the appeal of your petitioner, filed on January
21st, 1902, and petitioner will ever pray, etc."

Rule 27 of this court regulating applications for rehear-
ing provides that "the petition shall not assume any new

DaCosta Exec. v. Dibble & Bunce Exec.—Petition, Rehearing.

ground or position not taken upon the argument, or in the points made upon which the cause was submitted, but must set forth concisely the particular omission or cause for which the judgment is supposed to be erroneous." The rule is undoubtedly broad enough to authorize the party applying for a rehearing to assign as an "omission or cause for which the judgment is supposed to be erroneous" an error of law as well as an error of fact, whether caused by failure to give due consideration to facts actually considered, by inadvertently omitting to consider facts proper to be considered, by giving undue weight to certain facts, by misapplying correct principles of law to facts duly considered, or by applying to facts duly considered erroneous principles of law. In fact it is broad enough to require the court to grant a rehearing when properly applied for, upon any ground whether of law or fact that would render the judgment erroneous. Such has been the uniform construction of the rule during the period of my six years' service upon this bench, and I find no decisions of this court laying down a different rule. In Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g. Co., 27 Fla. 157, 9 South. Rep. 661, the court says "the proper function of a petition for a rehearing is to present to us any omission or cause for which our judgment is supposed to be erroneous. No new ground or position, not taken in argument submitting the cause, can be assumed. It is our duty to consider the petition in the light of this rule, and to grant a rehearing if we find in it anything which gives us reason to apprehend that the judgment rendered is erroneous * * We have carefully considered the points made in this petition, and find nothing in any of them to justify

E. S. C

a rehearing or that in the least shakes the conclusions reached in the main opinion." See, also, First National Bank of Florida v. Ashmead, 23 Fla. 379-390, 2 South. Rep. 657-665, where the question is discussed more at length. The substance of the petition in this case is that this court was in error in its holding that a second appeal could not be taken under the circumstances stated in the opinion upon the former hearing. It is true the petition alleges the omission to consider certain facts, but it also alleges as "ground" for a rehearing that the former appeal had as a matter of law, from the facts shown by the record, been abandoned, and become ineffective, before the second appeal was entered and that therefore the second appeal should not have been dismissed. It can not be doubted that the whole scope and purpose of the petition, is to call the attention of the court to what petitioner thinks is an error of law in the judgment, pointing out specifically the manner in which such supposed error arose. Surely this is all that is required to have this court determine whether "there is reason to apprehend that the judgment rendered is erroneous" in respect to the "cause" presented by the petition, whether that cause be an error of law or fact.

The majority opinion in this case seems to proceed upon the theory that upon a petition for a rehearing it is only necessary for the court to ascertain that it did not overlook the particular matter complained of, and that if the court gave careful consideration to such matter upon the first hearing, its conclusions of law thereon must necessarily be right. But experience proves that such assumption of infallibility is contrary to the nature of man, and the rule respecting rehearings is based upon this trait of human nature. Parties are not only entitled to a fair and

full consideration of questions of law and fact involved in their cases, but to correct decisions of all such questions so far as the court can decide correctly. And if it is thought the court has committed an error either of law or fact, the purpose and object of a petition for a rehearing, is to bring the matter to the attention of the court, and the court must, in my opinion, examine the grounds alleged in the petition sufficiently to be able to say that there is no reason to apprehend that the judgment is erroneous upon the ground suggested, before denying such petition. It may be consoling to a court to be able to imagine that it possesses the divine attribute of infallibility—that its former decision must necessarily be right, because it did not overlook any of the facts of the case,—but it would be more satisfactory to the litigant to say to him that the court upon reexamining the grounds of its former opinion has no reason to doubt its correctness. That is what, in my judgment, the rule of practice and our judicial duty requires us to say before we finally deny him the only remedy he possesses for the correction of errors in the judgment against him. Courts elsewhere act upon the principle that "to err is human," and permit petitions for rehearing to question the correctness of legal principles announced in the opinion, even in cases where the correctness of such principles "was the chief point of difference on which the court divided and was thoroughly considered." 18 Ency. Pl. & Pr., p. 31; 3 Ency. Law & Proc. 212, 213.

It is most important at this time, when the public demand is apparently for quick decisions, to maintain the integrity of the long established practice upon petitions for rehearing, for this is the only method for correcting errors that will occasionally creep into the best consid-

ered decisions, and which must creep into those made under the pressure of a demand for speedy decisions. In my opinion it is no answer to a petition for a rehearing to say that the court upon the former hearing duly considered a particular question of law or fact, but the only proper answer to be given is that the former decision is correct. This answer is not given in this case, and I dissent from the judgment denying the petition.

MAXWELL, J.

I favor the granting of the petition for rehearing in this case, as I think the decision of the court therein erroneous for the reasons stated in the dissenting opinion filed by Mr. Justice CARTER, and concurred in by me. I do not dissent, however, from the view of the majority of the court that they are authorized, under the circumstances stated, to deny the rehearing without an examination of the merits of a question fully considered and determined at the former hearing.