THE FIRST NATIONAL BANK OF FLORIDA, ET AL., APPEL-LANTS, VS. WILLIAM H. ASHMEAD, ET UX., APPELLEES.

1. In the admission of oral testimony to prove that a deed absolute in form was made to secure the payment of money, and is, conse-quently, a mortgage, there is no violation of the rule which pre-cludes the admission of oral testimony for the purpose of vary-ing or contradicting the terms or language of which a written instrument is the repository. In admitting it for the former purpose, the court looks beyond the terms of the instrument to the real transaction or what was intended to be effected by the parties or their object *in executing and receiving the deed ;* and equity will, to inquire into and carry out this object and prevent fraud and imposition, permit the introduction of either written or oral evidence.

2. Parol evidence is admissible to connect papers which together con-stitute a deed and a defeasance, or a mortgage, and to show that an instrument bearing a subsequent date to the deed was either executed at the same time, or that its terms or substance were in fact agreed upon at the same time, and though subsequently reduced to writing, constitutes a part of the same transaction with the deed.

3. Where the instruments connect themselves, and show that the pur pose was to secure the payment of money, no parol proof is neces-sary, even if it can be said to be admissible.

4. A deed from a debtor to a third person, if made to secure the pay-ment of money, is as much a mortgage as if made to the debtor for such purpose, and in this State the grantee takes only a specific lien on, and not the legal title to, the property ; and the fact that the object was to secure the payment of money may be proved by oral testimony as well in the one case as in the other.

5. A homestead is the subject of mortgage by the husband and wife, and all the principles stated above apply to a deed of conveyance, absolute in form, made by them of a homestead, to secure the payment of money.

6. Husband and wife executed to S. a deed of real estate. Husband acknowledges in the deed to have received the consideration from S. An agreement of same date, executed by the husband and S., the cashier of a bank, recites an indebtedness of the husband

and his partner to the bank, and that, in consideration of for bearance by the bank, the husband and wife had executed such deed, and stipulates that if the husband shall pay the bank by a ceitain day such indebtedness, with interest, and $100 due it for attorney's fees, and perform certain other stated conditions, then S. would reconvey the property to the husband and his heirs or any one the husband may appoint. The bank and S. filed a bill of foreclosure and sale, alleging, *inter alia*, that before and at the time of the execution of the deed the wife was informed that such deed was intended and prepared to be executed by her husband and herself for the purpose of securing the indebtedness mentioned in said agreement, and that she executed said deed with full information of the contents of the agreement, and of said purpose and intent. The appellees each filed a plea to the effect that the property was, on and before the date of said deed, and still is owned by said husband, and was and continues to be the homestead of said husband and his family : *Held*, (*a*) That the pleas are insufficient.

(*b*) That the deed and agreement, considered either of themselves, or in connection with the bill of complaint, constitute a mortgage.

(*c*). That the purpose in executing the deed, as shown by the papers and pleading, was to secure the payment of the indebtedness mentioned in the agreement on the terms stated therein.

(*d*). The deed did not convey the legal title of the homestead to S., or vest him with any power to convey it, and consequently the provision in the agreement as to his reconveying is inoperative, or of no effect.

7. Upon an application for a rehearing of a cause in this court, it is irregular, and an infraction of Rule 24, to accompany the petition with a written argument, and the citation of authorities, or to assume any new ground or position not taken upon the argument, or in the points made upon which the cause was submitted. Smith and Armstead vs. Croom, et al., 7 Fla., 188, approved.

8. Such petition is a pleading, and should merely state concisely the particular omission or cause for which the judgment is supposed to be erroneous.

Appeal from the Circuit Court for Duval county.

The first of the following opinions of the court in this cause was filed June 15, 1887, and during the time that Hon. G. G. McWhorter was Chief-Justice. The appellees thereupon filed a petition for a rehearing. On July 1, 1887, Chief-Justice McWhorter having resigned, Hon. A. E. Maxwell was commissioned and took his seat as Chief-Justice, and on July 14, 1887, the opinion of the court was filed refusing a rehearing.

On the first day of March, 1884, the appellees executed an instrument which, in form was a deed, conveying in fee to James M. Schumaker, one of the appellants, certain real estate in the city of Jacksonville. The consideration named in the deed is " five thousand dollars, which William H. Ashmead acknowledges he has received from Jas. M. Schumaker," and the covenants of Mr. Ashmead in the deed are those of right to sell and convey, freedom from incumbrances, except a mortgage to one Nichols, and for further assurances and of general warranty. It is set forth in the body of the deed that Mrs. Ashmead " hereby consents with her husband to the alienation of said lands, and makes herself a party to this deed for the purpose also of relinquishing her right of dower." The certificate of acknowledgment states that she was fully informed of the contents of the said instrument, and so being informed she executed the same, as well for the purpose of relinquishing her dower in as in token of having consented with her husband to the alienation of the lands, and it is also in due form as to her having acted freely, voluntarily and without any constraint, apprehension or fear of or from her husband, and as to having made the acknowledgment separate and apart from her husband.

On the same day an agreement was executed between

the said James M. Schumaker, who describes himself as
"cashier" of the said bank, and Mr. Ashmead, which, af-
ter reciting that the latter party and Clarence H. Ash-
mead, partners, are justly indebted to the said bank in the
sum of $5,161.08, (part of such indebtedness being in open
account and the balance evidenced by promissory notes), as
well as in other sums not affected by this agreement, and
are unable to pay the same, and that in consideration of
forbearance on the part of said bank Mr. and Mrs. Ash-
mead have executed the above deed of conveyance, stipu-
lates that if Mr. Ashmead, his heirs or assigns, shall pay to
the bank on or before March 5, 1885, the said sum with in-
terest thereon, payable semi-annually at the rate of 8 per
cent. per annum, and also pay $100 for attorneys' fees, ac-
crued by reason of default in payment of said promissory
notes, and for services in and about the drawing of the
papers relating to this transaction, and shall keep down all
taxes and assessments on said property, and keep the
buildings thereon insured for the benefit of the incum-
brances on said property, and pay all costs, charges and ex-
penses, including attorneys' fees that the bank may be put
to by reason of default in the performance of his part of
this agreement, then the said Schumaker will reconvey the
said property to the said Ashmead and his heirs, or to any
one he may appoint.

The appellants, who are the bank and Schumaker, de-
scribing himself "trustee," filed their bill in equity, alleg-
ing that on the 4th day of March, 1884, William H. and
Clarence H. Ashmead, defendants, were indebted to the
bank in the sum of $5,161.08 for money loaned and ad-
vanced before that day, and that said lands were so con-
veyed to Schumaker to secure the payment of the money
indebtedness aforesaid and interest thereon, and that Schu-
maker, who was then the cashier of the bank, still holds

the title so conveyed in trust; that on the said last named day the said Schumaker and William H. Ashmead entered into said above recited agreement; that the $100 indebtedness for attorneys' fees accrued prior to the execution of said deed and agreement, the same having been expended by the bank; that the deed of conveyance gave a mortgage lien to the bank on the property; that no part of the indebtedness or attorneys' fees has been paid; that before and at the time of the execution of said deed of conveyance, Mrs. Ashmead was informed by her husband and the attorneys of the complainant that said deed was intended, and was prepared to be executed by her husband and herself for the purpose of securing the indebtedness mentioned in the said agreement, and that she executed said deed with full information of the contents of said agreement and of said purpose and intent. The prayer of the bill is for a decree that W. H. Ashmead pay the bank the amount which may be found due with interest and costs, and a reasonable sum for solicitors' fees in this suit, the property be sold according to the usual practice in foreclosure of mortgages, and the master execute a deed to the purchaser, &c.

The defendant, William H. Ashmead, filed a plea setting up that the property, which is in Jacksonville, an incorporated city, constituted on and before March 4, 1884, and still constitutes the homestead of William H. Ashmead and his family; that he and Mrs. Ashmead were then and are still husband and wife and citizens of Florida, residing in Jacksonville, and that he and they then actually resided, and have since resided, and now reside thereon as their home, and that said premises embrace less than half an acre, and were on and before March 4, 1884, and have been since then and are now owned by said William H. Ashmead, and the improvements thereon are used exclusively as a homestead.

Mrs. Ashmead filed a similar plea stating also that she was before and since March 4, 1884, and still is the wife of William H. Ashmead.

The cause having been set for argument on the sufficiency of the pleas, an order was made that they are sufficient in law, and the complainants have appealed.

*Rundall, Walkers & Foster* for Appellants.

*A. W. Cockrell & Son* for Appellees.

MR. JUSTICE RANEY delivered the opinion of the court:

Our statute provides that all instruments of writing made for the purpose of securing the payment of money, whether such instruments be from the debtor to the creditor, or from the debtor to some third person in trust for the creditor, shall be deemed mortgages, and be subject to the same rules of foreclosure, restrictions and forms as are or may be prescribed by law in relation to mortgages ; and that a mortgage shall be held in our courts to be a specific lien on property for a specific object. McClellan's Digest, pp. 765, 766. Independent of this statute, even parol evidence is admissible in equity to show that a deed of conveyance, absolute upon its face, was intended as a mortgage, and where it is shown that such a conveyance has been executed to secure the payment of money, equity will treat it as a mortgage. The court looks beyond the terms of the instrument to the real transaction, or what was intended to be effected by the parties, and any evidence, whether written or oral, tending to show this, is admissible. The admission of oral testimony for such purpose is not a violation of the rule which precludes such admission for the purpose of varying or contradicting the terms of a written instrument; that rule has reference to the language

of which the instrument is the repository, but this permits an inquiry into the objects of the parties in executing and receiving the instrument, and equity exercises its jurisdiction to carry out such object and to prevent fraud and imposition, and to promote justice. Peugh vs. Davis, 96 U. S., 336 ; Pearce vs. Robinson, 13 Cal., 116. Our statute and the decisions of this court upon it fully establish the rule in favor of such admissibility. Lindsay vs. Matthews, 17 Fla., 585 ; Shear vs. Robinson, 18 Fla., 379 ; Franklin vs. Ayer, 22 Fla., 654. In Shear vs. Robinson a deed of conveyance of a married woman's separate statutory property was held to be a mortgage.

Parol evidence is admissible to connect papers, which, together, constitute a deed and defeasance or mortgage, and to show that an instrument bearing a subsequent date to the deed was either executed at the same time, or that its terms and substance were in fact agreed upon at the same time, and, though subsequently reduced to writing, constitute a part of the same transaction with the deed. Franklin vs. Ayer, *supra ;* Jones on Mortgages, §248. When the instruments connect themselves and show that the purpose was to secure the payment of money, no parol proof is necessary, even if it can be said to be admissible. Franklin vs. Ayer, *supra*, and 31 Penn. St., 131, 295.

In Lindsay vs. Matthews, *supra*, where the deed was not from the debtor, it was held that the words "whether such instruments of writing be from the debtor to the creditor or from the debtor to some third person," in our statute, are descriptive of certain instruments embraced within the act, but that such words do not affect its application to any instrument conveying property for the purpose of securing the payment of money. The doctrine of Carr vs. Carr, 52 N. Y., 251, is that whenever property is trans-

26

ferred, no matter in what form or by what conveyance as a security for a debt, the transferee takes merely as mortgagee, and has no other rights or remedies than the law accords to mortgagees. See also Hooper's Appeal, 64 Penn. St., 315.

It is settled that in this State a mortgage does not convey the legal title of land out of the mortgagor, but only creates a specific lien on the property. McMahan vs. Russell, 17 Fla., 698 ; Berlack vs. Halle, 21 Fla., 236 ; Franklin vs. Ayer, et al,, 22 Fla., 654. See also Brinkman vs. Jones, 44 Wis., 498. This is no less true where the method of mortgaging is an absolute deed of conveyance, made either to the creditor or a third person, with the defeasance resting simply upon verbal proof or upon written evidence connecting itself with the deed or capable of being so connected by oral evidence, than it is as to an ordinary formal mortgage. Any other view would practically ignore the statute.

As a further premise to the conclusion we reach in the case before us we may remark that a homestead is the subject of mortgage by the husband and wife in Florida. Patterson vs. Randall and Taylor, 15 Fla., 337 ; Hart vs. Sanderson's Administrators, 18 Fla., 103. See also Miller vs. Marx, 55 Ala., 336 ; Scott vs. Simmons, 70 Ala., 357, which affirm a similar view as existing in Alabama.

Looking at the pleadings before us, which are fully set forth in the statement of the case, we find that before and at the time of the execution of the deed of conveyance, Mrs. Ashmead was informed by her husband and the attorneys of the complainant, that the deed was intended and was prepared to be executed by her husband and herself for the purpose of securing the indebtedness mentioned in the agreement, and that she executed said deed with full information of the contents of the agreement and for said

purpose and intent. This allegation of the bill is not denied by the plea. The object of the parties in making the deed cannot, therefore, be questioned; it was made to secure the payment of money, and is a mortgage. Nor is there in view of the pleadings any room for the contention of counsel for appellee, that there was no joint consent of the husband and wife, or of the wife with her husband, to the creation of a mortgage lien on the property. It cannot be denied, in face of the pleadings, that both before and at the time of the execution of the deed of conveyance Mrs. Ashmead was informed by her husband and the attorneys of the complainant that the deed was intended and was prepared to be executed by her husband and herself for the purpose of securing the indebtedness mentioned in the agreement; nor that she executed such deed with full information of the contents of the agreement and of said purpose and intent. If she had full information of the contents of the agreement, and of the fact that the deed was intended to secure the indebtedness mentioned in it, she, by her execution of it with her husband, intended in fact nothing more nor less than the making of a deed of conveyance of the homestead property to secure the indebtedness mentioned in said agreement, upon the terms stated in the latter instrument.

The defence made by the plea is that the property mortgaged was at the time the deed was made, and still continues to be, the homestead of Mr. Ashmead, occupied as such then, and still by himself, his wife and their children. The Constitution in force at the date of the deed provided that a homestead could not be then alienated without the consent of the husband and wife. So far as the deed is concerned, it is not denied that it is in due form as an absolute deed of conveyance, as well as to the separate acknowledgment of the wife, as otherwise. No court which

has permitted the introduction of either parol or written evidence to show that an absolute deed was made to secure a debt, and was, in effect, a mortgage, has.ever regarded it as an attempt either to supply any deficiency in a separate acknowledgment, or to change or add to the language of any part of the deed. This is clearly shown not to be the case, by the authorities we have cited. There is nothing of the kind in any case we have seen, and certainly nothing in those cited by counsel for appellee. The ground upon which a separate acknowledgment of a married woman can be effectually assailed, are well known, and need not be commented on here. Why an absolute deed of conveyance of a homestead, which has been executed in due form by the husband and wife, cannot be shown by written or even by parol proof to have been made to secure a debt and to be a mortgage, we are unable to perceive. The Constitution, in requiring the joint consent of husband and wife to an alienation of it, requires no more than the statute does to a conveyance or mortgage of the wife's statutory separate real property. McClellan's Digest, §9, p. 756.

The principle upon which the evidence is admissible in the case of a conveyance of the wife's real property, or of the real property, other than a homestead, of an unmarried person, is in no way inapplicable to its admission in the case of a deed of conveyance of a homestead. If parol evidence, or written evidence which the wife has not formally executed, is not admissible to ascertain the object of the parties in executing and receiving a deed of conveyance of a homestead, then such a deed, though really executed by the husband and wife for the purpose of securing a present loan of an amount of cash far less than the value of the property, will sustain an ejectment, and the substance and justice of the case must be smothered under the form of the

instrument, and neither the father, the mother or the children can rescue the home place, either under the rule of equity or the statute of this State, either of which would enable the grantors to rescue any other piece of real estate under similar circumstances.

The provisions of the agreement as to a reconveyance to Ashmead and his heirs, or to any one he may appoint, did not pass the legal title to the property to Schumaker. Nothing but a lien on the property was created by the deed, or by any or all the papers, and the provision in question cannot be taken in view of the law of this State, either as vesting or intending to vest Schumaker with any power to convey the fee of the property to a third person on payment of the money. If, however, it is to be said that Ashmead understood in fact that it did give Schumaker such power, it must, under the pleadings, also be similarly understood as to Mrs. Ashmead, and there was consequently intended, though ineffectually, as much " conscious " joint consent as to it as to any other feature of the transaction. Such provision does not defeat the purpose of the parties to make a mortgage. Hughs vs. Edwards, 9 Wheaton, 495.

All we need say of the decision of the U. S. Circuit Court, in Iowa, in the case of Mersman vs. Winges, cited by counsel for appellee, as it appears in Myer's Federal Decisions, vol. 9, p. 73, is, that it will be found to have been overruled, and we think correctly so, by the Supreme Court of the United States, on appeal, at the October Term, 1884. Mersman vs. Winges, 112 U. S. Reports, 139.

In our opinion complainants are seeking only to carry out the purpose for which the papers were executed ; no other conclusion can be inferred from the papers, considered either alone or in connection with the pleadings.

The order appealed from will be reversed and the case remanded for further proceedings in accordance with chancery practice. It will be so ordered.

Appellees then filed a petition for a rehearing, which was denied.

MR. JUSTICE RANEY delivered the opinion of the court:

This case was fully deliberated upon before the recent change in the Chief Justiceship of the Court, and has been, with the aid of the present Chief Justice, again carefully considered in connection with the petition for rehearing, and we have no doubt of the correctness of the opinion heretofore filed.

There is nothing in any of the authorities cited in the petition for a rehearing which in anywise conflicts with the doctrines of the opinion or their application. The case of Dickenson vs. McLean, 57 N. H., 31, holds that a married woman cannot, under the laws of that State, release her homestead in the estate of her husband by her separate deed. There is certainly no *separate deed* of the wife in the case we are considering, nor is there anything in the New Hampshire decision to the effect that it cannot be shown by parol that a deed to which the wife is a party with her husband was made to secure an indebtedness, and the terms of such indebtedness, even though there be written evidence of the husband's assent to such terms.

We think this to be a proper occasion for restoring the practice in applications for rehearings to a conformity to the rule properly governing in such cases.

Rule 24 of this court provides as follows: " Rehearings must be applied for by petition in writing during the term at which the judgment is entered, and the attention of the court called thereto, unless further time is allowed by the

court. . The petition shall not assume any new ground or position not taken upon the argument, or in the points made upon which the cause was submitted, but must set forth concisely the particular omission or cause for which the judgment is supposed to be erroneous. The court will consider the petition without argument. A petition for a rehearing is not a part of the record unless so ordered or rehearing granted."

A petition for a rehearing is a pleading, and according to the rule it should set forth *concisely* the particular omission or cause for which the judgment is supposed to be erroneous. Such alleged omission or cause should be simply stated in order that the court may consider it (without argument) and determine whether it is a point which has failed to receive proper deliberation, and suggests any error of judgment and the propriety of a rehearing. If the court sees reason to apprehend that a mistake may have been made it will grant a rehearing, and the cause will be re-argued orally and on brief; or simply on written argument, if agreeable to counsel and the court. Rehearings are not a matter of right or granted in this country upon the mere certificate of counsel, but rest in the sound discretion of the court. 2 Daniels Chan. Pl. and Pr., 1479, note 5; N. J. Z. Co. vs. N. J. F. Co., 14 N. J. Eq., 308; Brummagin vs. Chew, 19 N. J. Eq., 337; Jenkins vs. Eldridge, 3 Story, 299; 1 Paige, 255. The latter is certainly the practice in Florida. Not only is it improper to assume any new ground or position in the petition, but it is equally improper to embody in or accompany the petition with a written argument and citation of authorities. Is it not too plain, if such written argument and citation of authorities are permitted, that the petitioner, if we consider the petition, secures without leave the object of his petition? If we read and consider the arguments and authorities what

more can he desire in the nature of a rehearing? He certainly will put in all of both that his capacities and diligence will enable him to do up to the time the petition is filed. The impropriety of such practice is self evident. By it the petitioner secures all the advantages of a rehearing though the petition is denied. In Smith and Armistead vs. Croom, *et al.*, 7 Fla., 180, it was held under a substantially similar if not more liberal rule that upon an application for a rehearing of a cause decided by this court it is irregular and an infraction of the rule to accompany the petition with a written argument and the citation of authorities. As entirely applicable to the case before us now we may say, in the language of the court in the above case, 7 Fla., p. 198: " The application in this case has been presented in the form of an elaborately *written argument*, and not by simple petition, as is directed in the rule. We mention this merely for the purpose of maintaining the correct practice under the ·rule, and with no design to impute an intentional impropriety to the counsel who makes the application. The soundness of this interpretation of the rule is too obvious to need any argument in its support, for it will readily occur to every practitioner that if it be important to one party to have his cause reheard, it is equally important to the other that there should be an end to the litigation."

Hereafter we shall insist upon a compliance with the above rule, though in this case we have not done so. A rehearing is denied.