JACKSONVILLE, TAMPA & KEY WEST RAILROAD COM-
PANY, APPELLANT, VS. PENINSULAR LAND, TRANS-
PORTATION AND MANUFACTURING COMPANY, AP-
PELLEE.

1. The absence of further notice of assignments of error than a
statement in a brief that questions propounded to witnesses, as
appears by ninety-five assignments of error "were leading, and
sought to elicit testimony which was irrelevant and incompe-
tent, and that the court erred in overruling the objections" to
them, may be treated as an abandonment of the assignments,
particularly where such questions and objections are scattered
throughout a bill of exceptions of four hundred and seventy-
nine pages, although such submissions of the assignments is
accompanied with the assurance that they are. "earnestly ir-
sisted upon;" yet in this case they were not so treated, but in
view of the gravity of the cause were duly considered by the
court and found to have received from counsel all the atten-
tion they merited.

2. No ground or position not taken on the hearing can be assumed
in a petition for rehearing.

3. A rehearing will not be granted where the petition for it suggests
nothing which gives us reason to apprehend that the judgment
is erroneous.

Appeal from the Circuit Court for Orange county.

Petition for rehearing.

*J. R. Parrott, Robt. W. Davis, Hammond & Jack-
son, T. M. Day, Jr.,* for Petitioner.

(Judge Mitchell, of the Sixth Circuit, sat in the place of Mr. Justice Mabry, who was disqualified.)

RANEY, C. J. :

Appellant has petioned for a rehearing of this cause.

In the fifth sub-division of the main opinion we said; "Appellant's counsel insist that the questions propounded to the witnesses A. N. Lester, J. S. Erman *et al.*, by plaintiff as appears from the eighth to the 102d ground inclusive, of the assignment of errors, were leading and sought to elicit testimony which was irrelevant and incompetent, and that the court erred in overruling defendant's objection thereto, and they say that these objections are manifest on the face of the questions, and they submit them without argument. There are one hundred and forty-seven assignments of error, of which a half dozen are expressly abandoned in this court. We have perceived no such infractions of the rules invoked as call upon an appellate court for interference, and we feel that counsel would have pointed out the same if they had detected them."

This conclusion was not reached by us unadvisedly. It expresses exactly what we intended to say. As careful a consideration had been given to the entire record and its bearing upon the numerous points discussed in the brief as the very impressive gravity of the case demanded, and we had found nothing justify-

ing any other conclusion than that reached, as to any one of these points, or as to the whole case; nor had we perceived any such infractions of the rules as to leading questions, irrelevant or incompetent testimony, in the questions propounded to witnesses and not discussed in the brief as called for a reversal of the judgment of the lower court. In saying this, however, we did not intend, and do not now desire, to be understood as holding that such a consignment to an appellate court of a long array of assignments of errors, scattered throughout a bill of exceptions of four hundred and seventy-nine pages, should not be treated as an abandonment of them, even though it is accompanied with the assurance that they are "earnestly insisted upon." We do not mean to intimate, however, that counsel were at fault in not giving more attention to these assignments of error; on the contrary, we think, considering the whole case made by the record, that they gave them all the attention they merited.

The proper function of a petition for a rehearing is to present to us any omission or cause for which our judgment is supposed to be erroneous. No new ground or position, not taken in the argument submitting the cause, can be assumed. It is our duty to consider the petition in the light of this rule, and to grant a rehearing if we find in it anything which gives us reason to apprehend that the judgment rendered is erroneous. First National Bank vs. Ashmead, 23 Fla.,

379, 391.  We have carefully considered the points made in this petition, and find nothing in any of them to justify a rehearing or that in the least shakes the conclusions reached in the main opinion.  What is said in the main opinion of the testimony of Lester and Erman on the subject of former fires is entirely correct.  The opinion not only treats of the remark of Sears, in connection with the argument made as to it in the brief, but it also discusses it as to the possibility of its prejudicing defendant's case; thus covering all that might have been said as to it on the ground of the objection made to it on the trial and in the assignment of error.  The testimony of Pearce was not assailed here as being calculated to lead to an excessive verdict; still that it was all proper to go to the jury was affirmed after the most careful consideration. The fact that there were no contractor's profits or architects's fees actually incurred by plaintiff in the construction of the hotel, did not render the evidence inadmissible.  The question was the value of the property, and all usual or proper items of cost could be considered by the jury, with other proper evidence, in forming their judgment as to what it was worth at the time of the fire, or what it would cost to reinstate the plaintiff in its financial condition, in so far as the same was affected by the destruction of the building.

The testimony of Davis was not urged before us in the connection of former fires, but on another and dis-

tinct proposition, and to attempt to do so now is a clear violation of the rule forbidding new positions on an application for rehearing.　Urging in the brief the objection made to his testimony as not properly admissible in rebuttal, which objection is disposed of in the twelfth sub-division of the opinion was clearly an abandonment of the point now presented.　Besides all this, however, the testimony as to the escape of sparks from this engine is too full, and testified to by too many witnesses to permit anyone to think for a moment that the fact that Davis' testimony related to a different engine, assuming such to be the case, could have misled the jury to the injury of defendant. There was no failure or omission on the part of the court to consider all the testimony bearing on the question of Randolph's not saving furniture and the responsibility of the plaintiff therefor.　We are entirely satisfied with the correctness of the conclusion reached on this point.　The question of interest was the subject of the most deliberate consideration, and not only has our satisfaction with the conclusion increased, but we find the Supreme Court of Pennsylvania taking practically the same course in the case of Pennsylvania S. V. R. Co. vs. Zeimer, 124 Penn., 560, 566, 571, decided in 1889.　The charges on the subject of locomotive appliances received our full consideration.　They were all considered by us, and nothing further need be said than that counsel are mistaken

11

as to the word "general" not appearing in the 23d charge, set out in the 119th assignment of error.

No more extended discussion is necessary. The case has received the fullest attention.

A rehearing is denied.