JASON STEELE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR—ON APPLICATION FOR REHEARING.

APPELLATE PRACTICE—REHEARING—AGREEMENTS OF COUNSEL TO BE CONSIDERED MUST BE FILED.

1. An application for rehearing of a cause in the appellate court that is practically a joinder of issue with the court as to the correctness of its conclusions upon points involved in its decision that were expressly considered and passed upon, and that reargues the cause in advance of a permit from the court for such reargument, is violative of the rule governing applications for the rehearing of causes, and will not be considered.

2. When parties or their counsel enter into agreements affecting any causes before the appellate court, such agreements must be filed here with the record in such cause, otherwise the court can not consider them or be governed thereby in any manner.

*D. Campbell* and *D. L. McKinnon* for Application.

TAYLOR, J.:

An application for a rehearing of this cause has been made. After careful consideration thereof we find nothing in it that shakes our conviction of the correctness of our findings in the cause, or that is suggestive of anything material to the proper determination

thereof that has been overlooked by us, or that has not at our hands received due and careful consideration. Indeed, the application for rehearing is practically a joinder of issue with the court as to the correctness of its findings upon points involved therein that were expressly passed upon and considered; in reality a re-argument of the cause in advance of any conclusion from us upon the application for such reargument; and, in this respect, it is violative of the well-established rules governing applications for the rehearing of causes. Jones & Bro. vs. Fox, 23 Fla., 462, 2 South. Rep., 853; First National Bank of Florida vs. Ashmead, 23 Fla., 379, 2 South. Rep., 665; Smith and Armistead vs. Croom, 7 Fla., 180.

One of the grounds of the application for rehearing is, that the cause was inadvertently submitted on brief by the Attorney-General, representing the State, in unintentional violation of an agreement existing between himself and the counsel for the plaintiff in error, to the effect that the Attorney-General would send him a copy of his brief as soon as prepared, and notify him of a day to be set for the hearing of the cause; at which hearing counsel desired and intended to present the case by oral argument; but that in consequence of the Attorney-General's failure to notify him, and to send him the promised copy of his brief, the cause was submitted upon briefs only, and he was deprived of the opportunity to present the case orally and to file an additional brief therein. The existence of any such agreement has never been called to our attention in any manner until presented in this application; and as the cause was submitted upon briefs for the plaintiff in error by one of the counsel appearing for the rehearing, and for the State, without notice to us of the existence of such an agreement, we could not

be expected to be guided orgoverned by it in the dispo-
sition of the cause.    When the parties or their counsel
enter into agreements affecting any causes before this
court, such agreements must be filed here with the
record therein, otherwise we can not consider them or
be governed thereby in any manner.

In view of the fact that, upon a review of the record
in the cause, we find nothing suggestive of the propri-
ety of a change of the conclusions already reached
therein, and in the absence from the application for
such rehearing of anything indicating any ne-
cessity therefor, the application for rehearing is de-
nied.