ROBERT STEERE, AS EXECUTOR OF THE ESTATE OF OWEN E. STEERE, DECEASED, *Appellant,* v. LAURA TENTION AND HER HUSBAND, OSCAR TENTION, GABRIEL McKNIGHT, LILLIE McNIER AND HER HUSBAND, JASPER McNIER, WILLIE MAY WRIGHT, AN INFANT, BY HER NEXT FRIEND, ALBERT WRIGHT, AND ALBERT WRIGHT, *Appellees.*

Since the adoption of the Revised Statutes of 1892 a bill in equity can not be maintained against an executor alone to cancel and annul a deed conveying real estate to his testator in his lifetime and other conveyances constituting links in the chain of title, where the will does not vest the title to such real estate in the executor, and no order of a competent court directing the executor to take possession thereof has been made. In such cases the heirs at law or devisees are indispensable parties, and a decree granting relief against the executor to which the heirs or devisees are not parties will be reversed by the appellate court.

This case was decided by Division B.

Appealed from the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*G. B. Wells* for appellant.

*Thomas Palmer* for appellees.

CARTER, P. J.—In November, 1899, in the Circuit Court of Hillsborough county, the appellees filed their amended bill of complaint against appellant and against James H. Welch and Thomas McKnight. The bill alleges that complainants Laura Tention, Gabriel McKnight, Lillie McNier, Willie May Wright and Albert Wright are the surviving heirs at law of Andrew McKnight who died in February, 1886, seized and possessed of certain real estate in the city of Tampa, therein described, which upon his death descended to his heirs at law; that in January, 1887, the defendant Thomas McKnight was by the county judge of Hillsborough county duly appointed administrator of the estate of said Andrew McKnight, deceased, and as such obtained possession and control of said real estate; that in May, 1892, the defendant James H. Welch was by said county judge appointed guardian of the minor heirs of Andrew McKnight, deceased, and on the same day an order was made by said county judge authorizing said guardian to sell said real estate as the property of said minors; that in pursuance of such order of sale said guardian sold the property at private sale to defendant Thomas McKnight, and executed a conveyance therefor; that on February 29, 1896, the defendant Thomas McKnight and Amanda McKnight, his wife, conveyed said real estate to Owen E. Steere for a stated consideration of $1,575; that afterwards Owen E. Steere died, and Robert Steere was duly appointed

his executor. The bill further alleges that the guardian's sale of real estate of the minors is void for various reasons set forth therein; that Thomas McKnight and James H. Welch had never accounted for the purchase money or rents of said property, and prays that Thomas McKnight and James H. Welch be required to account; that the sale of the real estate be set aside as fraudulent and void; that all persons claiming the property through the defendants or either of them be required to surrender and deliver possession of said real estate to complainants, and for general relief.

Such proceedings were subsequently had that on June 27, 1900, the court entered a decree which, in so far as it affects the interests of appellant, cancels and annuls the order of sale made by the county judge in 1892, the deed of conveyance executed by Welch to Thomas McKnight in pursuance thereof, and the deed of conveyance executed by Thomas McKnight and wife to Owen E. Steere in 1896, as clouds upon the title of complainants, and requires appellant as executor of the last will and testament of Owen E. Steere, deceased, to render up and deliver to complainants the possession and control of said real estate. From that decree this appeal is taken.

Several interesting questions are presented in the assignment of errors and briefs of counsel, but they can not be considered, as the decree must be reveresd on account of a defect as to parties.

The proceedings here under review, so far as appellant is concerned, seek to cancel and annul a deed conveying real estate made to his testator, Owen E. Steere, in his lifetime, together with other conveyances constituting links in the chain of title. The bill alleges that the testator died subsequent to the adoption of the Revised Statutes, and prior to the institution of the suit. His heirs at law or devisees are not made parties to the proceedings. It is not alleged in the bill that the testator's will vested in the executor title to the real estate in controversy, nor is it alleged that

the executor ever in fact had possession or that he has ever
been directed to take possession of such real estate by a court
of competent jurisdiction.  Under these circumstances he is
not shown to have authority to represent the title, and this
court must reverse the decree rendered against him for that
reason.  *Scott v. Jenkins,* decided at this term.

The decree of the Circuit Court, in so far as it affects
the appellant, is reversed, and the cause is remanded for
such further proceedings as may be agreeable to equity and
consistent with this opinion.

The costs of this court will be taxed equally between
the appellant and the appellees.