FLORIDA LAND ROCK PHOSPHATE COMPANY, A CORPORATION, APPELLANT, v. HERBERT L. ANDERSON, APPELLEE.

ON REHEARING.

1. In the Supreme Court the rehearing of a cause is only authorized by a rule of court, and is seldom allowed.

2. The appellate court, equally with suitors, is bound by its rules, and they must be construed as statutes would be construed.

3. Upon an application for a rehearing of a cause decided by the Supreme Court, it is irregular, and an infraction of Rule 25, adopted March 2nd, 1905, to accompany the petition with a written argument, and the citation of authorities, or to file an argumentative petition, with the citation of authorities therein, or to assume any new ground or position not taken upon the argument, or in the points made upon which the cause was submitted.

4. An application for rehearing of a cause in the Supreme Court that is practically a joinder of issue with the court as to the correctness of its conclusions upon points in its decision that were expressly considered and passed upon, and that re-argues the cause in advance of a permit from the court for such argument, is violative of the rule governing applications for the rehearing of causes.

5. An application for rehearing of a cause in the Supreme Court presented after the expiration of thirty days after the filing of the judgment, decree or order of the court, unless further time therefor is expressly allowed by the court, is violative of the rule governing applications for the rehearing of causes.

6. An application for rehearing of a cause in the Supreme Court which is violative of the rule governing applications for the rehearing of causes will be denied by the court without further consideration.

7. A petition for a rehearing, which suggests nothing that has not been fully considered by the court in making its decision, will be denied, the proper function of a petition for a rehearing being to present to the court some point which it overlooked or failed to consider, by reason whereof its judgment is erroneous.

This case was decided by Division A.

Appeal from the Circuit Court for Levy County.

The facts in the case are stated in the opinion of the Court.

_John G. Reardon_ and _W. A. Hamilton,_ for Appellant.

_Otis T. Green,_ for Appellee.

SHACKLEFORD, C. J. As is usually the case, when, for lack of necessary and indispensable parties, no decision can be rendered upon the merits, both the appellant and the appelle are dissatisfied with the conclusion which we reached in the instant case, and each has filed a petition for a rehearing.

In the case of Trustees Internal Improvement Fund v. Bailey, 10 Fla. 238, this court in discussing the question whence the right of a rehearing of a cause in this court is

derived, said, text 252, "But in the Supreme Court, which is a court of appellate jurisdiction only, the court cannot be compelled to rehear—the rehearing is only authorized by rule of court, and seldom allowed."

To our Rules, then, and the construction put upon them by this court we must go for guidance, remembering that "the appellate court, equally with suitors, is bound by its rules, and they must be construed as statutes would be construed." Merchants' Nat. Bank of Jacksonville v. Grunthal, 39 Fla. 388, 22 South. Rep. 685; Smith v. Guckenheimer, 42 Fla. 1, 27 South. Rep. 900; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656.

The rule governing applications for rehearing now in force is Rule No. 25 of Rules of the Supreme Court, adopted March 2nd, 1905, which is as follows: "Rehearings must be applied for by petition in writing within thirty days after the filing of the judgment, decree or order of the court, and the attention of the court called thereto, unless further time is allowed by the court. The petition shall not assume any new ground or position not taken upon the argument or in the points made upon which the cause was submitted, but must set forth concisely the particular omission or cause for which the judgment is supposed to be erroneous. The court will consider the petition without argument. A petition for a rehearing is not a part of the record unless so ordered or rehearing granted."

This rule is but a copy of Rule No. 27, adopted September 16th, 1895, and which was not changed in any way by the Rules adopted February 17th, 1897. Rule 24, adopted May 26th, 1873, and published in 14 Fla. is the same, with the exception that it requires petitions for rehearing to be filed during the term at which the judgment is entered, unless further time is allowed by the

court. Rule 24, found on page IX of 1 Fla. which was the first rule adopted by this court concerning rehearings, reads as follows: "Rehearings must be applied for by petition in writing within fifteen days after the judgment or decree, setting forth the cause or causes for which judgment or decree is supposed to be erroneous. The court will consider the petition without argument, and if a rehearing is granted, direct it as to one or more points, as the case may require."

The changes made in the subsequent rules adopted upon the subject are obvious, but we call especial attention to the fact that every such rule has contained the words, "The court will consider the petition without argument." This provision had been uniformly enforced by this court. Smith and Armistead v. Croom, 7 Fla. 180; First Nat. Bank of Florida v. Ashmead, 23 Fla. 379, 2 South. Rep. 657, 665; C. H. Jones & Bro. v. Fox, 23 Fla. 462, 2 South. Rep. 853; Sauls v. Freeman, 24 Fla. 225, 4 South. Rep. 577; Summerlin v. Thompson, 31 Fla. 369, text 391, 12 South. Rep. 667; Steele v. State, 33 Fla. 354, 14 South. Rep. 841.

The appellant in instant case has forwarded with its petition an elaborate typewritten argument, which it requests to be filed and considered by the court, and the petition filed by the appellee "is practically a joinder of issue with the court as to the correctness of its findings upon points involved therein that were expressly passed upon and considered; in reality a re-argument of the cause in advance of any conclusion from us upon the application for such re-argument; and in this respect, it is violative of the well established rules governing applications for the rehearing of causes." Steele v. State, *supra,* text 355.

The appellant, after the expiration of the time fixed

by the rule, also sends another petition for filing and consideration by the court. We must respectfully refuse to consider either petition, for each one is violative of the rule. C. H. Jones & Bro. v. Fox, *supra*. We again call attention to the fact that in framing a petition for a rehearing the requirements of the rule must be complied with, and when the rule is violated this of itself is a sufficient reason for a denial of the petition without further consideration. In addition to above authorities see 18 Ency. of Pl. & Pr. 57. As was said in Jacksonville, T. & K W. Ry. Co. v. Peninsular Land, Transp. & Manufacturing Co., 27 Fla. 157, text 159, 9 South. Rep. 661, "The proper function of a petition for a rehearing is to present to us any omission or cause for which our judgment is supposed to be erroneous. No new ground or position, not taken in the argument submitting the cause, can be assumed." Also see DaCosta v. Dibble, 45 Fla. 225, 33 South. Rep. 466.

Neither petition suggests any point to us that was not fully considered by us in making our decision, but each seeks to have us pass upon the merits. As was expressly decided in our former opinion, this we cannot do. We also call attention to the following additional decisions upon the question of parties: Megin v. Filor, 4 Fla. 203; Greeley v. Hendricks, 23 Fla. 366, 2 South. Rep. 620; Lyon v. Register, 36 Fla. 273, 18 South. Rep. 589; Nelson v. Haisley, 39 Fla. 145, 22 South. Rep. 265; Craver v. Spencer, 40 Fla. 135, 23 South. Rep. 880; Rawls v. Tallahassee Hotel Co., 43 Fla. 288, 31 South. Rep. 237; Scott v. Jenkins, 46 Fla. 518, 35 South. Rep. 101; Steere v. Tention, 46 Fla. 510, 35 South. Rep. 106; Mote v. Morton, 46 Fla. 478; 35 South. Rep. 656; Rumeli v. City of Tampa, 48 Fla. 112, 37 South. Rep. 563; Camp Phosphate Company v. Anderson, 48 Fla. 226, 37 South. Rep. 722.

The petitions for rehearing are denied.

COCKRELL and WHITFIELD, JJ. concur.

TAYLOR and PARKHILL, JJ. concur in the opinion.

HOCKER, J. disqualified.