JOSEPH HULL, *et al., Appellants,* v. ARTHUR E. BURR, AS TRUSTEE, *Appellee.*

1. A petition for a rehearing in this court which suggests nothing in the case as presented that has not been fully considered by the court in making its decision, will be denied, the proper function of a petition for a rehearing here being to present to the court some point which it overlooked or failed to consider, by reason whereof its judgment is supposed to be erroneous.

2. Any indefinite or uncertain allegations that may appear in a bill of complaint should be taken most strongly against the pleader.

3. Under the statutes of this State a mortgage acquires only a specific lien on the property of another described in the mortgage, and an "instrument of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money," may upon its face convey title to property, subject to the provisions of the statute that it "shall be deemed and held a mortgage," if by extrinsic facts the statute is shown to apply.

This case was decided by the court En Banc.

*Bisbee & Bedell* and *Wilson & Swearingen,* for Appellants;

*Glen & Himes* and *E. R. Gunby,* for Appellee.

### REHEARING.

WHITFIELD, C. J.—A petition for rehearing having been filed in this cause, the transcript and briefs have been carefully re-examined, and it does not appear that the court omitted to consider any point or to determine any question proper to be adjudicated on this appeal. See Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 516, 39 South. Rep. 392.

The bill of complaint alleges that the Port Tampa Phosphate Company, a corporation, for which the appellee is trustee in bankruptcy, was the equitable owner in possession of the property under a contract of purchase, that being pressed for the unpaid balance of the purchase money, the Port Tampa Phosphate Company *applied to Hull* "*for a loan of money* with which to pay the said balance, together with" other small amounts of indebtedness, "and the said Joseph Hull *agreed to advance* the said moneys to the said Port Tampa Phosphate Company, but, the legal title to the said premises not having vested in the said Port Tampa Phosphate Company, was unwilling to accept a mortgage *from it,* and required that the deed of conveyance to said premises, to be executed on the payment of the balance of the purchase price, should be made to him, the said Joseph Hull, so as to secure him for the money then advanced and thereafter to be advanced by him for the completion of said plant." The other allegations of the bill are perhaps not so definite and certain, but they are not repugnant to the above allegations, and when considered with the agreement made a part of the bill, and read in the light of the controlling statute, the prayers of the bill and the admissions of the demurrers, it appears that the bill of complaint is not amenable to the specifications of the demurrers.

The substance of the holding on this interlocutory appeal is that taking any indefinite or uncertain allegations that may appear in the bill of complaint most strongly against the pleader, and giving to the subject matter of the suit and all the facts and circumstances as alleged, the construction and effect required by the statute, and yielding any doubts in favor of the property holder who sells or conveys property "for the purpose or with the intention of securing the payment of money," so as to do equity and as far as may be to preserve the

*status quo,* it appears upon the face of the instrument that the title to the property had passed to Hull subject to the provisions of the statute that it "shall be deemed and held a mortgage" if by extrinsic facts the statute is shown to apply, and that consequently the bill is not subject to the demurrers as interposed. The ability of the complainant to redeem and the funds to be used in redeeming do not require determination on this interlocutory appeal, where a *prima facie* right to redeem appears.

A rehearing is denied.

All concur.