MARVIN MALSBY, DOING BUSINESS AS MALSBY MACHINERY COMPANY, *et al., Plaintiffs in Error,* v. J. G. GAMBLE, *Defendant in Error.*

1. Section 21 of Article XVI of the State Constitution has reference only to "deeds and mortgages which have been proved

for record and recorded according to law," and has no applicability to any written instrument for the recording of which the law makes no provision.

2.  There is no statutory provision now in force in this State for the recording of bills of sale or any instrument transferring and assigning all of the right, title and interest in and to chattels. Section 2516 of the General Statutes of 1906 relates to reservations or limitations as to the use of goods and chattels.

3.  The recording of an instrument not authorized or required by law to be recorded is a vain and futile act, and, before such an instrument is admissible in evidence, the execution thereof would have to be proved.

4.  A petition for rehearing, which suggests nothing that has not been fully considered by the court in making its decision, will be denied, the proper function of a petition for a rehearing being to present to the court some point which it overlooked or failed to consider, by reason whereof its judgment is claimed to be erroneous.

This case was decided by Division A.

The facts in the case are stated in the opinion of the court.

*Hampton & Hampton* and *W. S. Broome,* for Plaintiffs in Error;

*A. H. King* and *F. Y. Smith,* for Defendant in Error.

ON REHEARING.

SHACKLEFORD, J.—The plaintiffs in error have filed a petition for rehearing, the first ground of which is as follows:

"FIRST: This Honorable Court has misapprehended the fact in this case and has stated an error of fact in its opinion rendered herein, in this to-wit: That the assignment of the Lease, the title to the property and the Notes, by the A. B. Farquhar Company to Malsby Machinery Company, dated 24th. of March, 1909, identified and filed as Plaintiff's Exhibit 'No. 4,' was not recorded in the public records, and therefore not admissible in evidence under Section 21, Article 16, of the Constitution; whereas, the record shows at page 66 *of the transcript,* that said *paper was duly recorded on the 14th. of June,* 1910, the following appearing in the transcript in regard to the record thereof, to-wit:

'Filed in the Office of the Clerk of the Circuit Court of the County of Alachua, State of Florida, on the 14th day of June, A. D. 1910, and recorded in Book Miss. Records No. 4 on page 103 on the 14th day of June, 1910.

S. H. Wienges,<br>Clerk of the Circuit Court.

(SEAL CIRCUIT COURT).          By Estelle Beal, D. C."

The plaintiffs in error are themselves in error in stating that we have "misapprehended the facts in this case" and have "stated an error of fact" in our opinion as to the matter complained of.

In discussing the third assignment, which was predicated upon the exclusion from evidence of the written instrument, which we copied in full in our opinion, we said that, "although acknowledged, such instrument does not appear to have been recorded in the public records, therefore Section 21 of Article XVI of the State Constitution of 1885 has no applicability." We were speaking of the first time such instrument was sought to be introduced in evidence, and, in so far as is disclosed by the bill of exceptions, at that time such instrument had not be re-

corded, so we were fully warranted in saying that "such instrument does not appear to have been recorded." This being true, Section 21 of Article XVI of the State Constitution had no applicability thereto. But, as a matter of fact or of law, would such section have been applicable, even if such instrument had been recorded? We think it advisable to treat this point, though at no great length, in view of the fact that such instrument was re-offered in evidence, and at the time of such second offer it had appended thereto the certificate of the clerk, as set forth in the paragraph of the petition for rehearing, which we have copied above, showing that such instrument had been filed and recorded in the public records on the 14th day of June, 1910. This was on the very day the action was being tried. Presumably the instrument was filed and recorded after the first offer, but whether this is true or not is a matter of no particular moment. Section 21 of Article XVI of the State Constitution is as follows:

"Section 21. Deeds and mortgages which have been proved for record and recorded according to law, shall be taken as prima facie evidence in the courts in this State without requiring proof of the execution. A certified copy of the record of any deed or mortgage that has been or shall be duly recorded according to law shall be admitted as prima facie evidence thereof, and of its due execution with like effect as the original duly proved; Provided, It be made to appear that the original is not within the custody or control of the party offering such copy."

It may well be doubted if the word "deeds" as thus used in the Constitution was intended or could properly be held to embrace such an instrument as the one now under consideration.

As is well known, the word "deed" has different meanings attached to it. See 2 Words & Phrases, 1919, where

a number of judicial definitions will be found and section 5 of 1 Devlin on Deeds, (2nd ed.). In its broadest meaning, a "deed includes all varieties of sealed instruments," while "in the second and more common yet narrower meaning, deed signifies a writing under seal conveying real estate." Is not the word as thus used in the Constitution to be taken in this more common yet narrower sense? Would not the accompanying word "mortgages" seem to so indicate? It is not necessary for us to decide this point now, so be it as it may. It is perfectly clear that this section of the Constitution has reference only to "deeds and mortgages which have been proved for record and recorded according to law," so, unless the law provided for the recording of such an instrument as the one in question, this section of the Constitution would not apply. Section 2 on page 213 of McClellan's Digest, making it "the duty of officers authorized by law to make and keep the record of all conveyances to record all conveyances, deeds, bills of sale and all other written transfers of personal property, and all contracts and agreements for the sale of any personal property whatever, when thereto required," upon proper proof of the execution thereof, was not incorporated in the General Statutes of 1906, and consequently is no longer in force. Section 1 of Chapter 5372, of the Laws of Florida (Acts 1905, p. 3) which may also be found printed in front of the General Statutes of 1906, adopting and enacting such General Statutes, contains this express provision: "Every statute of a general and permanent nature enacted by the State of Florida or by the Territory of Florida, and every part of such statutes not included in said General Statutes, or recognized or continued in force by reference therein, is hereby repealed." No statute of similar import is to be found in the General Statutes. Section 2496 relates only to the recording of chattel mortgages, Section 2516 relates to reservations or limitations

as to the use of goods and chattels, while Section 2480 relates to conveyances, transfers and mortgages of real property and has no reference to personal property. Section 1832 prescribes the record books which shall be kept by the clerk of the Circuit Court, who is made "the recorder of deeds, and of all other papers not pertaining to the Circuit Court which he may be required by law to record," and, among the books so required to be kept, there is no book for the record of bills of sale and the like instruments referred to in the section which we have quoted above from McClellan's Digest.

In fine, there is no statutory provision now in force for the recording of such an instrument as the one now under consideration. Section 2516 has no applicability for the reason that such instrument contains no reservation or limitation as to the use of the chattels therein referred to but undertakes to transfer and assign "all of the right, title and interest" of the A. B. Farquar Company, Limited, in and to such chattels.

This being true, it necessarily follows that the quoted section of the State Constitution has no applicability to such an instrument as the one now under consideration, even though the same may have been actually spread upon the public records. As "it was not required by law to be recorded,   *   *   the registration was a vain and futile act." Sanders v. Pepoon, 4 Fla. 465, text 472. In other words, before such instrument was admissible in evidence, the execution thereof would have to be proved. Kendrick. v. Latham, 25 Fla. 819, text 843, 6 South. Rep. 871, text 877. We would also refer to this cited case, as also to Bell v. Kendrick, 25 Fla. 778, 6 South. Rep. 868, for an instructive discussion concerning Section 21 of Article XVI of the State Constitution.

We reach the conclusion that the first ground of the petition for rehearing is not well taken. As to the other

grounds set forth therein, it is sufficient to say that they suggest nothing that has not been fully considered by the court in making its decision. Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 516, 39 South. Rep. 392.

The petition for rehearing is denied.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.