THE TEXAS COMPANY, A CORPORATION, *Plaintiff in Error,* v. B. H. DAVIDSON AND JOHN B. SECKINGER, *Defendants in Error.*

## On Application for Rehearing.

RULES GOVERNING APPLICATION FOR REHEARING.

1. The proper function of a petition for rehearing is to present to the Court in clear, concise terms some point that the Court overlooked or failed to consider, only this and nothing more.

2. The following are violations of the rule, that will cause dismissal of the application for rehearing, *viz*: (1) To accompany the petition with a written argument and citation of authorities; (2) joining issue with the Court in such application, as to the correctness of its conclusions upon points involved in its decision that were expressly considered and passed upon; and, (3) an application for rehearing that re-argues the cause in advance of a permit from the Court for such rehearing.

Rehearing denied.

McKay & Withers, for Petitioner.

TAYLOR, J.—This cause coming on for consideration upon a petition for rehearing, after due consideration the court being fully advised of its judgment in the premises, it is hereby considered, ordered and adjudged that the said application for rehearing herein be and the same is hereby denied.

We think it proper here to call the attention of the profession to the rules governing applications for hearings.

The proper function of a petition for rehearing is to present to the court in clear, concise terms some point that it overlooked or failed to consider, only this and nothing more. Hull v. Burr, 58 Fla. 475, 50 South. Rep. 768; Jones v. Fox, 23 Fla. 462, 2 South. Rep. 853.

Upon an application for rehearing of a cause decided by this court it is irregular, and an infraction of the rule to accompany the petition with a written argument and citation of authorities. Smith v. Croom, 7 Fla. 180.

An application for rehearing that is practically a joinder of issue with the court as to the correctness of its conclusions upon points involved in its decision that were expressly considered and passed upon, and that re-argues the cause in advance of a permit from the court for such re-argument, is a flagrant violation of the rule, and such an application will not be considered. Jones v. Fox, *supra;* Steele v. State, 33 Fla. 354, 14 South. Rep. 841; Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 516, 39 South. Rep. 392; Suwannee & S. P. R. Co. v. West Coast R. Co., 50 Fla. 612, 39 South. Rep. 538; Sauls v. Freeman, 24 Fla. 225, 4 South. Rep. 577.

The petition for rehearing in the present case infracts the rule in all of the above particulars, and the profession is hereby put upon notice that in future the court will adhere strictly to the requirements of the rule in such cases, and will visit infractions thereof by a re-

fusal to consider such applications and with a dismissal thereof.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.