On Petition for Rehearing
PER CURIAM.
The petition for rehearing filed on behalf of the appellant is hereby stricken because it is in substantial violation of material provisions of Florida Appellate Rule 3.14, 31 F.S.A., relating to such petitions.
Subparagraph “d” of rule 3.14 states that ■“in case of a substantial violation of any material provision of this rule, the petition [for rehearing] will be stricken by the Court on its own motion and the contents will not be considered.” Subparagraph “b” of the cited rule, dealing with contents of a petition for rehearing, provides: “The petition for rehearing shall not assume a new ground or position from that taken in the original argument or briefs upon which the cause was submitted, and must set forth concisely, and without argument, the alleged omissions, oversights, causes or grounds on which it is based.”
A substitution of attorneys occurred after our decision in the case was rendered, and before the filing of petition for rehearing, and the substituted attorney filed the petition now under consideration. A cursory examination of that petition shows that it is an attempted reargument of the case, largely on new theories, taking up certain of the points which were argued in the appellant’s brief and rearguing them with citation of authorities.
The provisions of Florida Appellate Rule 3.14 for filing a petition for rehearing do not authorize its use as a means of re-briefing or rearguing the points involved in the case; or to raise other or different grounds from those relied on at the hearing; and the inclusion of argument in the petition is forbidden under the rule. The authorized purpose and scope of petitions for rehearing are clearly set forth in rule 3.14, and where a petition for rehearing is filed, in substance and in form it should not depart from the purposes or exceed the limits placed on such petitions by the rule. When properly so used petitions for rehearing are not unwelcome, and may operate to promote the administration of justice.
In the recent case of State ex rel. Jaytex Realty Company v. Green, Fla.App.1958, 105 So.2d 817, 818-819, the matter under discussion here was considered and commented on at some length by the district court of appeal in the first district, in an opinion on rehearing authored by Judge Wigginton. In the course of that opinion it was said:
“The sole and only purpose of a petition for rehearing is to call to the attention of the court some fact, precedent or rule of law which the court has overlooked in rendering its decision. Judges are human and subject to the frailties of humans. It follows that there will be occasions when a fact, a controlling decision or a principle of law even though discussed in the brief or pointed out in oral argument will be inadvertently overlooked in rendering the judgment of the court. There may also be occasions when a pertinent decision of the Supreme Court or of another District Court of Appeal may be rendered after the preparation of briefs, and even after oral argument, and not considered by the court. It is to meet these situations that the rules provide for petitions for rehearing as an orderly means of directing the court’s attention to its inadvertence.
“It is not a compliment to the intelligence, the competency or the industry of the court for it to be told in each case which it decides that it has ‘overlooked and failed to consider’ from *98 three to twenty matters which, had they been given proper weight, would have necessitated a different decision.
“Certainly it is not the function of a petition for rehearing to furnish a medium through which counsel may advise the court that they disagree with its conclusion, to reargue matters already discussed in briefs and oral argument and necessarily considered by the court, or to request the court to change its mind as to a matter which has already received the careful attention of the judges, or to further delay the termination of litigation.”
The matter under consideration has been dealt with previously by the Supreme Court in cases too numerous to justify their citation. In Payne v. Ivey, 83 Fla. 436, 93 So. 143, 148, the Supreme Court said:
. “This court has held also that the following are violations of the rule that will cause dismissal of the application for rehearing, viz.: (1) To accompany the petition with, or to include therein, a written argument and citation of authorities; (2) joining issue with the court in such application, as to the correctness of its conclusions upon points involved in its decision that were expressly considered and passed upon; and (3) an application for rehearing that reargues the cause in advance of a permit from the court for such rehearing. Texas Co. v. Davidson, 76 Fla. 478, 80 So. 558.”
Again, dealing with a similar problem in the case of Atlantic Coast Line R. Co. v. City of Lakeland, 94 Fla. 347, 115 So. 669, 679-680, the Supreme Court said:
“It might be well to call counsel’s attention to the rule by which this court is controlled in the matter of petitions for rehearing. In the first place, a rehearing is only authorized by rule of the court, and the petition must set forth concisely the particular omission or cause for which the judgment is supposed to be erroneous, and the petition is not part of the record unless so ordered or rehearing granted. See Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 516, 39 So. 392.
“It was also said in that case that the proper function of a petition for a rehearing is to present to the court some point which it overlooked or failed to consider by reason whereof its judgment is erroneous; that a petition that is practically a joinder of issue with the court as to the correctness of its conclusions upon points in its decision that were expressly considered and passed upon and that reargues the cause in advance of a permit from the court for such argument is violative of the rule and will be denied without further consideration. See, also, Finlayson v. Lipscomb, 15 Fla. 558; Jones v. Fox, 23 Fla. 462, 2 So. 853; Hull v. Burr, 58 Fla. 475, 50 So. 768; DaCosta v. Dibble, 45 Fla. 225, 237, 33 So. 466; Malsby v. Gamble, 61 Fla. 327, 54 So. 766; Stewart v. Preston, 80 Fla. 479, 86 So. 348; Sauls v. Freeman, 24 Fla. 225, 4 So. 577; Hart v. Stribling, 25 Fla. 433, 6 So. 455; Payne v. Ivey, 83 Fla. 436, 93 So. 143.
“In the latter case this court said, speaking through Mr. Justice Taylor, that a joining of issue with the court in the application as to the correctness of its conclusions upon points involved in its decisions that were expressly considered and passed upon is a violation of the rule that will cause a dismissal of the application for a rehearing.”
The decisions in this state, dealing with the purpose and scope of petitions for rehearing, have made it plain that their contents should be as prescribed by the rule, and that the petitioner’s right to consideration of his petition for rehearing may be lost for substantial violation of the rule. The cases list, as frequent violations, (1) the 'inclusion in the petition of a written *99 argument with supporting citations, (2) arguing or quarreling with the court over correctness of its conclusions on the points it has considered and decided, (3) advancing new or other points or theories not previously relied on, and (4) rearguing the cause in advance of a permit from the court for such reargument. See, e. g., First Nat. Bank of Florida v. Ashmead, 23 Fla. 379, 2 So. 657, 665, 666; Suwannee & S. P. R. Co. v. West Coast Ry. Co., 50 Fla. 609, 39 So. 538, 539; Nelson v. Selden Cypress Door Co., 78 Fla. 203, 204, 83 So. 286; Payne v. Ivey, supra, 83 Fla. 436, 93 So. 143, 148; Atlantic Coast Line R. Co. v. City of Lakeland, supra, 94 Fla. 347, 115 So. 669, 679; Mann v. Etchells, 132 Fla. 409, 182 So. 198, 201; State ex rel. Jaytex Realty Company v. Green, supra, Fla.App.1958, 105 So.2d 817, 818-819.
CARROLL, CHAS., C. J., HORTON, J., and WARREN, LAMAR, Associate Judge, concur.