H. F. FINLAYSON, APPELLANT, vs. JOHN B. LIPSCOMB, RESPONDENT.

A supplemental bill, in the nature of a bill of review, and not a petition for rehearing, is the proceeding by which a defendant after final decree pronounced, but not entered or recorded, may have a rehearing of the original cause, and a hearing of new matter or facts discovered since publication. The office of a petition for rehearing under the statute considered and defined.

Appeal from the Circuit Court for Madison county.

This is an appeal from an interlocutory order granting a rehearing after final decree upon petition praying leave to bring forward additional evidence and for a hearing thereon. The order for such rehearing was granted by the Judge of the Third Judicial Circuit. The decision of the Supreme Court is confined strictly to a question of practice, without any reference to the particular facts in the case. The petition prayed leave to examine additional witnesses to establish certain facts alleged to be within their knowledge.

*Patterson & Pope* for Appellant.

*S. Pasco* for Respondent.

WESTCOTT, J., delivered the opinion of the court.

In this case, after final decree against defendant, signed and pronounced, but not entered, he files a petition praying a rehearing, and that " the case may be recommitted to the master, with leave to introduce other testimony in said cause by both sides." After notice and hearing the rehearing is granted upon condition that defendant pay all the costs, and will speed the cause. From this order the plaintiff appeals. This was a petition for rehearing under the statute. Sec. 2, Thomp. Dig. 462.

It is not conformable to chancery practice, nor does the statute authorize the court, under such petition, to grant leave to introduce testimony, of the character here sought to be made available, after final decree "pronounced" but not entered upon the minutes. The general rule is, that if the final decree has not been signed *and enrolled*; or, if, as is the case here, it has been signed and pronounced, but not recorded and entered, (as required by rules 3 and 87 of equity practice,) and it is sought to be reheard upon error apparent on the face of the proceedings, (not being a clerical mistake or error arising from any accidental slip or omission, rule 87,) or upon such facts, not appearing upon the face of the proceedings, as may be proven upon a rehearing, (such as evidence duly taken in chief and omitted to be read, or evidence constituting new matter relating only to papers since found, and which may be proved *viva voce* at the hearing, or to testimony going to show the incompetency of a witness in a former deposition; 6 John. Chy. 255; 6 Paige, 233; 1 Ves. Jr. 405,) then the petition for rehearing, authorized by the statute, is available for this purpose. If, however, a final decree signed and pronounced, but not recorded and entered, is sought to be reheard on new facts, or facts discovered since publication passed, the remedy is by a supplemental bill, in the nature of a bill of review. 2 John. Chy. 489; 3 Vmt. 148; 2 Harr. & John.

230; 4 J. J. Mar. 500; 26 Maine, 11, 13, 14; 1 Story C. C. 218; 16 Ves. 350; 3 Atk. 809; Story's Eq. Pldg. §§ 422, 425; 3 Paige, 204; 8 B. Mon. 340; 3 Wis. 466; 2 Mrld. Chy. 303, 289; 1 Head, 460.

Upon petition for rehearing, after final decree, it is not proper to permit either party to enter into evidence requiring new depositions of the character here sought to be made available. Daniel Chy. Prac., 3 Ed., 1565.

The supplemental bill, in the nature of a bill of review to bring forward new matter, cannot be filed without leave of the court. This leave should be applied for by petition, which should pray a rehearing of the original cause at the same time that it is heard upon the supplemental bill. Story's Eq. Pldg. § 425. We do not propose to announce in this opinion what the defendant should show in order to entitle him to leave to file such supplemental bill. That question has not been considered by the Circuit Court.

In the case of Owens vs. Forbes, 9 Fla. 355, this court remarked that a bill in the nature of a bill of review is not of use in this State, as all decrees are enrolled when entered upon the minutes of the court. The general proposition that a bill in the nature of a bill of review is not of use in this State, we think cannot be sustained. We think such a bill is applicable to the case of a final decree pronounced, but not entered or recorded, for the very reason that it is *not enrolled* until entered, and to such final decree not enrolled, all the authorities concur in the conclusion that a supplemental bill in the nature of a bill of review is applicable. In addition to this we are unable to see that this question was raised in that case, or that it was involved in its decision. That was the case of an interlocutory decree, not a final decree, and the case of Baker *et ux.* vs. Whiting, 1 Story, 231, which was followed in Owens vs. Forbes, was expressly in point to the effect that a supplemental bill was in such case the proper remedy, and made a distinction between the case of a final and interlocutory decree. We re-

Finlayson v. Lipscomb.

gard that case as authority for the proposition that a supplemental bill is the remedy applicable to such case, where an interlocutory decree, whether entered or recorded, or not, is sought to be reheard upon new matter. Further than this it cannot control us, as anything else therein contained is mere *obiter*.

The case of Putnam vs. Lewis and wife, 1 Fla. 474, which has been alluded to, we regard as authority for the proposition that a bill of review lies only after final decree, and is not applicable to an interlocutory decree. That was the only question before the court, and the case was remitted with permission to apply for proceedings other than a bill of review, which had been erroneously adopted as the method by which to reverse an interlocutory decree upon new matter discovered.

The action of the Circuit Court in the case now before us, was based upon the idea that this new evidence might be brought in upon petition for rehearing under the statute. This was error.

The order granting a rehearing should be reversed, without prejudice to an application, if deemed advisable by the parties, for other appropriate proceedings. (1 Fla. 476.) As to the propriety of granting such application as may be made, this court expresses no opinion.

The order is reversed without prejudice to an application by defendant for other appropriate proceedings.