G. TAYLOR ET AL., AS PARTNERS UNDER THE FIRM NAME OF THE FLORIDA ORANGE HEDGE FENCE COMPANY, PLAINTIFFS IN ERROR, VS. A. G. BRANHAM & CO., DEFENDANTS IN ERROR.

CORPORATIONS—CAN NOT MIGRATE FROM STATE WHERE CREATED—WHEN EXERCISING CORPORATE FUNCTIONS OUTSIDE OF THE STATE WHERE CREATED ITS MEMBERS ARE LIABLE AS, AND WILL BE TREATED AS, PARTNERS—INDEFINITE JUDGMENT CAN BE AIDED BY THE RECORD.

1. A corporation created by and under the laws of Tennessee, or any other jurisdiction can not come to Florida and exercise corporate functions here without becoming incorporated under the laws of Florida, and if it attempts to do so, its liabilities, contracted here, rest upon its members or stockholders, in this jurisdiction, as partners, and they will here be treated as and held to be merely partners.

2. A corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of the law; and where that law ceases to operate, the corporation can have no existence. It must dwell in the place of its creation, and can not migrate to another sovereignty. And where a number of individuals *assume* to act in a corporate capacity in a State where they have not been clothed with corporate existence and authority, they can not there be recognized as a legally constituted corporation, though they may have been duly incorporated in another State, and such persons, in the State

where they *assume* corporate capacity, will be treated as, and held to the responsibility of partners, both in courts of law and equity.

3. Where a judgment gives the style of a cause at its head with sufficient definiteness to show without doubt that the "plaintiffs" and "defendants" referred to therein as such are the same individuals that are *named* and designated as such in the declaration and throughout the proceedings composing the record in the cause, such judgment is not void, for vagueness or indefiniteness, if it fails, in the body thereof, to give the *names* of the "plaintiffs" and "defendants" for and against whom it is rendered. While it is best that a judgment should be so complete within itself that the officer issuing the process to enforce it can see at a glance the parties for and against whom such process is to be issued; yet, if the parties for and against whom it is rendered are so referred to therein as that a reference to its caption, or to the pleadings, process and proceedings in the action, will make certain the *names* of the parties thus referred to, it is sufficient. Every judgment may be construed and aided by the entire record.

Writ of error to the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*E. R. Gunby*, *Beggs & Palmer*, for Plaintiffs in Error.

*William H. Jewell*, for Defendants in Error.

TAYLOR, J.:

The defendants in error, as plaintiffs below, sued the plaintiffs in error, as defendants below, in the Circuit Court of Orange county, in assumpsit upon an account for work and labor and materials; the suit being instituted against the defendants as former copartners. All of the defendants appeared by attorney, and all joined in a plea of *nil debit*. Although this form of plea is

expressly prohibited by our 68th Rule of Practice in common-law actions, the plaintiffs joined issue thereon. After thus joining issue the parties by consent had the cause referred to an attorney, as referee, for trial.  On motion before the referee the defendants were allowed to *amend* their pleas.  By virtue of this permit to *amend*, the defendants on May 23rd, 1889, interposed the following plea in abatement:  "And now comes James A. Knox, one of the defendants, and for himself and the other defendants herein, for plea to above action says that the defendants never were partners trading as the Florida Orange Hedge Fence Company, but that the Florida Orange Hedge Fence Company was and is a corporation, duly and legally organized under the laws of Tennessee, and the said defendants therefore ask to be dismissed with their costs," etc.  Issue being joined on this plea, the parties held a separate trial before the referee upon the special issue thus presented on the 23rd of January, 1890.  To sustain their plea the defendants introduced a certified copy from the Secretary of the State of Tennessee of a charter of incorporation to the Florida Orange Hedge Fence Company, creating it a corporation of and in the State of Tennessee.  They also introduced as a witness the defendant James A. Knox who testified, in substance, that he was secretary of the Florida Orange Hedge Fence Company, and custodian of its papers; that the defendants sued herein were on the first day of January, 1887, and still were stockholders in said corporation; that he was present when the Florida Orange Hedge Fence Company organized in Orlando on the fifth day of March, 1885; that he was a director by election on that date, and was one of the original stockholders; that they organized under the charter already offered in evidence.  This comprised the en-

tire evidence offered to sustain said plea. The referee overruled the plea upon the ground that a corporation can not be legally organized in this State under a charter granted by another State. Upon overruling this plea the referee allowed the defendants until the first Monday in February, 1890, to file pleas. On the 3rd of February, 1890, all of the defendants interposed the plea of *never was indebted*, and the defendant G. Taylor on that day filed also a special plea to the effect, that he had no interest in the said company; that the only interest he has or has ever had therein is as administrator of the estate of one J. C. Fleming, deceased; that J. W. Childress, one of the original incorporators of the defendant company, gave the said Fleming in his life-time fifty shares of the stock of said company, but failed to have same issued to him in his life-time; that after his death he became administrator of the estate, and at the request of the heirs of the said estate he consented that said stock should be issued to him, but that instead of said stock being issued to him as administrator of said estate, the officers of said company issued them to him individually, but he has no interest in the said stock except as administrator as aforesaid; and that neither he nor the said Fleming ever assumed any liability of the said company.

By agreement of counsel representing all parties the cause was set down for trial on February 17th, 1890, and on that day the referee rendered judgment in favor of the plaintiffs, the judgment being in the following form:

"In the Circuit Court, 7th Judicial Circuit of Florida, Orange county.

A. G. Branham & Co. vs. Collis Ormsby *et al.*, doing business as the Florida Orange Hedge Fence Co.

On the 17th day of February, A. D. 1890, the above cause came on to be heard, and after argument of counsel and a careful examination of the testimony, I find that the defendants are indebted to the plaintiffs in the sum of eight hundred and thirteen dollars and thirty cents as principal, and seventy-five dollars and eighty-three cents interest. It is therefore ordered and adjudged that the plaintiffs do recover of and from the defendants the sum of eight hundred and eighty-nine dollars and thirteen cents, together with the further sum of twenty-eight dollars and forty-five cents (costs) of suit.

H. C. HARRISON,
Referee."

The defendants then moved the referee to set aside his findings and to grant a rehearing of the cause upon the following grounds: "1st. Because the findings of the referee are contrary to law. 2nd. Because said findings are contrary to the evidence. 3rd. Because the referee erred in overruling the defendants' plea in abatement. 4th. That the referee erred in entering judgment while the plea of the defendant G. Taylor was not disposed of. 5th. Because the referee did not report the findings of law. 6th. Because the * finding and judgment of the referee is vague and indefinite." Which motion the referee denied and refused. From this judgment the defendants take writ of error.

The errors assigned are: "1st. That the referee erred in overruling the defendants' plea in abatement. 2nd. That the referee erred in overruling the defendants' motion for a rehearing."

The defendants are sued as, and sought to be charged :as, copartners; the plea in abatement denies the alleged partnership, but says that defendants are, instead, members of an incorporated company chartered in and by the State of Tennessee. The proof adduced to sustain the plea shows that the individual defendants sued are stockholders in an incorporated company chartered in and by the State of Tennessee; that the company came to Orlando, in Orange county, Florida, and "organized" (in the language of one witness) there, electing a board of directors, etc., and that it undertook in Florida to carry on and conduct the business for which it had been incorporated in Tennessee; and that in the conduct of such business the debt sued for was contracted in Orange county, Florida. There is no proof that the defendants took any steps whatsoever to acquire corporate existence and authority in Florida, but they rely entirely upon the incorporation conferred by the State of Tennessee.

The law is settled "that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. That it exists only in contemplation of law, and by force of the law; and where that law ceases to operate, the corporation can have no existence. It must dwell in the place of its creation, and can not migrate to another sovereignty." Bank of Augusta vs. Earle, 13 Pet. 519; Miller vs. Ewer, 27 Maine, 509, S. C. 46 Am. Dec. 619; Freeman vs. Machias Water Power and Mill Co., 38 Maine, 343. It seems to be further well settled that where a number of individuals *assume* to act in a corporate capacity in a State where they have not been clothed with a corporate existence and authority, they can not there be recognized as a legally constituted corporation, though they may have been duly incorporated in another

State, and that such persons, in the State where they
*assume* corporate capacity, will be treated as, and
held to the responsibility of partners, both in courts
of law and equity.    Hill vs. Beach, 1 Beasley (12 N.
J. Eq.), 31; Fuller vs. Rowe, 57 N. Y. 410; Wells vs.
Gates, 18 Barb. 554; Hurt vs. Salisbury, 55 Mo. 310;
Richardson vs. Pitts, 71 Mo. 128.    The proofs adduced
to sustain the defendants' claim that their liability was
that of members of an incorporated company instead
of that of copartners, shows that they were incorpo-
rated in Tennessee; that they then came to Florida and
organized here by electing a board of directors and a
president and general manager, without becoming in-
corporated under Florida laws, and that they assumed
to conduct here, in their corporate capacity, the busi-
ness of planting and cultivating hedge fences, for
which they had been incorporated in Tennessee, and
that the work and labor sued for was done for them in
and about the conduct of that business.    Under these
circumstances they are liable individually or as co-
partners here, and the referee correctly overruled their
plea in abatement.

We do not think the findings and judgment of the
referee are contrary to the law of the case, or to
the evidence adduced therein, as is contended for in
the motion for rehearing, the overruling of which is
assigned as the second error.    On the contrary, we
think the judgment is fully sustained by the evidence;
and the law of the case, as we have before seen, was
with the plaintiffs.

The entry of judgment by the referee without any
express disposition of the special plea filed by the de-
fendant G. Taylor, to the effect that the stock held by
him in the defendant company was really held by him
as administrator of a deceased party's estate, though

it may have been technically erroneous, was not such error as will warrant a reversal of the judgment by this court. The same facts set up in the special plea, if they could have availed him as a defense under the circumstances of this case, could just as well have been adduced and taken advantage of under his plea of *never was indebted*, yet he offered no word of proof to sustain the position assumed in the special plea. Under these circumstances the special plea served no other purpose than to encumber the record, and no such error was committed in making final disposition of the cause without specially disposing of it, as would authorize us to reverse the judgment found. Walter vs. Florida Savings Bank and Real Estate Exchange, 20 Fla. 826.

The fifth ground of the motion for rehearing, to the effect that the referee did not report the findings of law, is not supported by the facts disclosed by the record, even if the failure of a referee to report his findings upon the law questions presented furnished a valid ground of exception upon writ of error. The only question of law presented in the case was whether the defendants were liable as copartners instead of as a corporation, as presented by their plea in abatement, and the referee's findings upon this question are explicitly set forth in the record.

Under the sixth ground of the motion for rehearing, the defendants contend that the judgment is void because it is vague and indefinite in that it fails, in the body of the judgment, to give the names of the plaintiffs in whose favor it is rendered, or the names of the defendants against whom it is pronounced, they being referred to therein simply as the "plaintiffs" and "defendants;" and that no valid execution can issue thereon to enforce the same, as it does not show from

whom the adjudged amount is to be collected. There is no merit in this contention. The declaration gives accurately the names of each defendant; the judgment gives the style of the cause at its head with sufficient definiteness to show without doubt that the "plaintiffs" and "defendants" referred to therein are the same individuals named and designated as such in the declaration and throughout the proceedings composing the record in the cause. While it is best that a judgment should be so complete within itself as that the officer issuing the process to enforce it can see at a glance the parties for and against whom such process is to be issued, yet, if the parties for and against whom a judgment is rendered are so referred to therein as that a reference to its caption, or to the pleadings, process and proceedings in the action, will make certain the names of the parties thus referred to, it is sufficient. Every judgment may be construed and aided by the entire record. 1 Freeman on Judgments (4th ed.), sec. 50a; Smith vs. Chenault, 48 Texas, 455; Little vs. Birdwell, 27 Texas, 688; Hays vs. Yarborough, 21 Texas, 487; Wilson & Wheeler vs. Nance & Collins, 11 Humph. (Tenn.) 189.

Finding no errors in the record, the judgment of the court below is affirmed.