332 So.2d 38 (1976)
Leo V. MYSELS, Appellant,
v.
Francis E. BARRY et al., Appellees.
No. 75-1354.
District Court of Appeal of Florida, Second District.
May 12, 1976.
*39 John R. Asbell and Robert E. Doyle, Jr., of Asbell, Hains & Doyle, Naples, for appellant.
Salvatore C. Scuderi, Marco Island, for appellees Francis E. Barry and Ruth H. Barry.
GRIMES, Judge.
The narrow question involved is whether an officer and shareholder can be held peronally liable for the debts of a foreign corporation which were incurred as a result of doing business in Florida where that corporation has failed to qualify to do business in Florida. We answer this question in the negative.
Florida Fashions of Interior Design, Inc. was validly incorporated in the Commonwealth of Pennsylvania. The corporation was never qualified to do business in Florida. Appellant (Mysels) was the president of the corporation and one of its stockholders. In 1973, while acting in the capacity of a salesman for the corporation, Mysels took an order for goods and services to be furnished by the corporation to the appellees (Barry). Barry paid the amounts due under the sales agreement, but the corporation failed to perform. The court entered a default judgment against the corporation. Judgment was also entered against Mysels because the corporation had failed to obtain a permit to transact business in Florida.
Fla. Stat. § 613.01 (1973) provides that no foreign corporation shall transact business within the state until it files a copy of its charter with the Department of State and obtains a permit to transact business in the state. Failure to comply with this statute constitutes a misdemeanor on the part of the corporation as well as by its officers and agents. Fla. Stat. § 613.04 precludes a foreign corporation which has failed to qualify from maintaining a suit in any of the courts of this state. However, Fla. Stat. § 613.01 (1973) states that no violation of this chapter shall affect the title to property thus acquired, held or disposed of by the foreign corporation. Fla. Stat. § 613.04 (1973) sustains the validity of contracts entered into by a foreign corporation which has failed to qualify. There is no statutory provision which makes the officers or shareholders of a nonqualifying foreign corporation liable for the debts of the corporation.[1] The question then is whether this sanction may properly be imposed in the absence of a statute.
According to 17 Fletcher on Corporations, § 8524 (1960):
"It is the majority rule that in the absence of definite statutory authority therefor, officers, stockholders, incorporators *40 or other persons contracting for or on behalf of a noncomplying foreign corporation cannot be held liable on its contracts as partners, ..."
See A. Tasker, Inc. v. Amsellem, D.C. App. 1974, 315 A.2d 178. But Barry asserts that Florida has adopted the minority view.
Thus, in Taylor et al. v. Branham & Co., 35 Fla. 297, 17 So. 552 (1895), the Florida Supreme Court apparently held the stockholders and officers of a Tennessee corporation liable as partners for a debt incurred in Florida by a corporation because they had not become incorporated in Florida. In a statement which may have been broader than necessary for its point, the court said:
"The law is settled `that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. That it exists only in contemplation of law, and by force of the law; and where that law ceases to operate the corporation can have no existence... .'" 17 So. at 554.
Yet, shortly thereafter, the Supreme Court held that the shareholders of the very same corporation were liable as partners because there was not sufficient proof that the corporation had been organized under the laws of Tennessee. Duke v. Taylor, 37 Fla. 64, 19 So. 172 (1896). The court went on to say:
"... Where a corporation has been legally created and organized under the laws of a sister state for the transaction of any business there, it may, by comity existing between the States, transact business in this State, provided it be not in contravention of our laws or public policy... ." 19 So. at 175.
Laws relating to the qualifying of a foreign corporation to do business within the state were first enacted in 1907. Subsequently, the issue of stockholder liability for the debts of a nonqualifying foreign corporation was squarely presented in Herbert H. Pape, Inc. v. Finch, 102 Fla. 425, 136 So. 496 (1931). However, on rehearing it was stated that:
"... [A] majority of the court have reached the conclusion that it is unnecessary to finally decide in this case whether or not the stockholders or officers of a foreign corporation may be held individually liable as partners when they undertake to transact business in this state in the name of such foreign corporation when it is not authorized under Florida laws to transact business here. That question will accordingly be left open for future consideration and determination in some appropriate case where such question is necessarily involved and required to be definitely decided." 136 So. at 501.
The foregoing passage suggests that the court viewed the question as undecided at that time, and there have been no cases on the subject since that date.
Generally, the courts will "pierce the corporate veil" only when there has been a showing that the corporation has been formed or used for a fraudulent, illegal or unjust purpose. Roberts' Fish Farm v. Spencer, Fla. 1963, 153 So.2d 718. In such instances, the individual shareholders are held personally liable for corporate debts. There was no such showing in the instant case. Likewise, one who purports to contract as an agent for a principal who has no legal existence renders himself personally liable. Bryce v. Bull, 106 Fla. 336, 143 So. 409 (1932). Here, however, Florida Fashions of Interior Design, Inc. was a validly existing corporate entity. With respect to business transacted in Florida, the corporation was subject to the jurisdiction of the Florida courts, regardless of its failure to obtain a permit to do business in the state. Had the corporation obtained such a permit, there would have been no requirement to deposit a fund with the Department of State against which Barry could have made a claim.
*41 Accordingly, we hold that in the absence of statutory sanction, the officers and shareholders of a foreign corporation cannot be held personally liable for corporate debts incurred within the state by reason of the failure to qualify to do business in Florida.
REVERSED.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] Chapter 613 was repealed by Chapter 75-250, Laws of Florida 1975, effective January 1, 1976, but the new law on the subject of the failure of a foreign corporation to qualify does not appear to have been substantially changed.