346 So.2d 1224 (1977)
MEDLEY HARWOODS, INC., Appellant,
v.
Carl NOVY, D/B/a Bel Aire Recreation, Inc., Appellee.
No. 76-461.
District Court of Appeal of Florida, Third District.
June 14, 1977.
*1225 Kessler & Jasinski and Alan S. Kessler, South Miami, for appellant.
Gilbert, Silverstein & Hellman and Maynard J. Hellman, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This case is an action to collect on a series of negotiable instruments known as checks. The trial court dismissed the complaint and the plaintiff appeals.
The issue on appeal is whether a complaint for collection on a dishonored corporate check states a good cause of action against the maker of the check who has signed in his individual capacity. We conclude that such a complaint states a good cause of action and reverse.
The appellant, Medley Harwoods, Inc., brought suit against the appellee, Carl Novy, for collection on six negotiable instruments known as checks which were allegedly dishonored. At the top of each check the following corporate legend appeared: "BEL AIR RECREATION, INC., 1089 East 27th Street, Hialeah, Florida 33013." Each check was made payable to Medley Harwoods, Inc. and was signed: "Carl A. Novy." There was no indication on any of the checks that Carl Novy was signing the checks in a representative capacity as officer, director, or shareholder of Bel Aire Recreation, Inc. The total amount allegedly due and owing on the checks was $44,451,83. The trial court dismissed the complaint and this appeal follows.
The law which governs this transaction is found in the Uniform Commercial Code since the checks involved in this case are clearly negotiable instruments within the meaning of the said Code. Sections 673.104(1), (2)(b), Florida Statutes (1975). The liability of the maker of a negotiable instrument who purports to sign in a representative capacity is stated in the Uniform Commercial Code at Section 673.403(2), Florida Statutes (1975), as follows:
"An authorized representative who signs his own name to an instrument:

(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

*1226 (b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity." [Emphasis supplied].
In the instant case, the checks sued upon are Bel Aire Recreation, Inc. corporation checks with the name of the corporation as the person represented appearing on the face of each check. Carl Novy, however, did not sign any of the checks herein in a representative capacity for the corporation. He signed each check in his individual capacity. Under Section 673.403(2)(b), Florida Statutes (1975), Carl Novy is therefore personally obligated on the checks "except as otherwise established between the immediate parties ..."
We accordingly hold that the complaint herein states a good cause of action against Carl Novy individually in view of the above statutory provision. In this connection, relevant parol evidence would be admissible at trial to show the intention of the parties as to whether Carl Novy signed the check in a representative capacity for Bel Aire Recreation, Inc. Speer v. Friedland, 276 So.2d 84 (Fla.2d DCA 1973).
As a final matter, we feel constrained to comment on a theory of liability which has been advanced by Medley Harwoods throughout the proceedings in this case and may continue to be urged before the trial court on remand. Medley argues that Carl Novy, as officer and shareholder of Bel Aire Recreation, Inc., is individually liable on the debts he incurred for the corporation in Florida solely because Bel Aire is a foreign corporation incorporated under the laws of the state of Michigan and is not qualified to do business in Florida. We do not understand such a theory to be the law of this state.
The Florida Supreme Court in Taylor v. A.G. Branham and Co., 35 Fla. 297, 17 So. 552 (1895) and Duke v. Taylor, 37 Fla. 64, 19 So. 172 (1896), appear to support Medley's position, but in the later decision of Herbert H. Pape, Inc. v. Finch, 102 Fla. 425, 136 So. 496 (1931), the Court impliedly receded from these earlier cases when it stated:
"[A] majority of the court have reached the conclusion that it is unnecessary to finally decide in this case whether or not the stockholders or officers of a foreign corporation may be held individually liable as partners when they undertake to transact business in this state in the name of such foreign corporation when it is not authorized under Florida laws to transact business here. That question will accordingly be left open for future consideration and determination in some appropriate case where such question is necessarily involved and required to be definitely decided." Id. at 501.
The Second District Court of Appeal in Mysels v. Barry, 332 So.2d 38 (Fla.2d DCA 1976), analyzed the above line of Supreme Court cases the same way and held that an officer or shareholder of a foreign corporation cannot be held personally responsible for the debts of the corporation incurred in Florida solely because the corporation has failed to qualify to do business in Florida. In the absence of a contrary statute, the court concluded that there can be no individual liability against a corporate officer or shareholder for debts incurred on behalf of the corporation unless the corporate veil is pierced on a showing that the corporation was formed or used for a fraudulent, illegal or unjust purpose. Roberts' Fish Farm v. Spencer, 153 So.2d 718 (Fla. 1963). We entirely agree.
The order dismissing the complaint is reversed and the cause is remanded for proceedings consistent with this opinion.